## Szekely *v.* Abilene Flour Mills Company, Appellant.

Argued November 13, 1967. Before ERVIN, P. J., WATKINS, MONTGOMERY, JACOBS, HOFFMAN, and SPAULDING, JJ. (WRIGHT, J., absent).

*William T. Marsh,* with him *Reed, Smith, Shaw & McClay,* for appellant.

*Ralph P. End,* with him *Hillard Kreimer, Bernard Goodman,* and *McCrady, Kreimer and Ravick,* for appellee.

OPINION BY HOFFMAN, J., December 15, 1967:

Appellee, Joseph Szekely, receiver pendente lite for Braun's Buns, Inc., filed a complaint in assumpsit against The Abilene Flour Mills Company (Abilene), a Kansas corporation alleging that Abilene was doing business in Pennsylvania through its agent, Carl B. Jewett (Jewett). Appellee further alleged that on December 2, 1965, he placed an order through Jewett for the purchase of flour from Abilene. Jewett, at the instruction of Abilene, required that a certified check, payable to Abilene, be submitted with the order. Finally, appellee claims that on January 16, 1966, by tele-

phone call to Jewett, he cancelled the order, but that Abilene has refused to return the amount paid.

Service of the complaint was made upon Jewett, as agent of Abilene, at his Pittsburgh office. Abilene filed preliminary objections in the form of a motion to dismiss for improper service and lack of jurisdiction.

Subsequently, Abilene filed affidavits in support of its motion to dismiss. The affidavit of R. B. Laing, Abilene's president, stated that Abilene, a Kansas corporation, is not registered to do business in Pennsylvania, and has no office or place of business here. He further alleged that Jewett is not an executive officer or agent of defendant; that Jewett's office is not Abilene's office or usual place of business; and that Abilene has no officer, agent, sales representative, bank, telephone or business listing in Philadelphia. Any sales in Pennsylvania were handled as follows: A customer desiring to purchase flour would place an order either directly with defendant in Abilene, Kansas or with an independent broker who would submit the order to Abilene in Kansas. If Abilene desired to accept the order, it would notify the customer and ship the flour f.o.b. Abilene's customer would then be billed by Abilene and make payments directly to Abilene in Kansas. Occasionally, if the customer's credit was poor, Abilene would require prepayment.

A second affidavit was submitted by Jewett. Jewett stated that he was served at his own office, which is not the office or usual place of business of Abilene; that as a manufacturer's representative doing business under the name of C. B. Jewett Company, he is neither an executive officer nor agent of Abilene; that he represents many food processors, including Abilene, with whom he has no written contract; that he performs no specific duties for Abilene, received no salary from it, does not advertise under its name, makes no written reports, represents other flour processors if he so de-

sires and has no authority to bind Abilene to accept an order. He stated further that if an order is accepted by Abilene, it is shipped from Kansas and Abilene bills the customer directly. He also stated that he receives a commission, does not receive any draw against commissions, and pays his own Social Security, Federal and local income taxes. In the final paragraph of his affidavit Jewett stated: "In the instant situation, when I submitted the order to Abilene, it required me to submit payment with the order in the form of a certified check because Braun's Buns, Inc. was already indebted to Abilene in the amount of $6,450.00."

Appellee filed his own affidavit in which he declared that Jewett represents Abilene in Pennsylvania and hold himself out as its agent. He further stated that when he ordered flour from Abilene through its agent, Jewett, in Pittsburgh, Abilene directed Jewett to accept the order only upon receipt of a certified check.

The record ends here. No further testimony, either in court or by deposition, was taken. Written interrogatories were not filed by either party. The lower court found, relying principally on the averment that Abilene directed that Jewett obtain prepayment from appellee, that Abilene had failed to establish the lack of jurisdiction.

Pa. R. C. P. No. 1028 provides: "The court shall determine promptly all preliminary objections. If an issue of fact is raised, the court shall take evidence by depositions or otherwise." In the instant case, clear issues of fact as to agency are raised which are not resolved by the opposing affidavits. The fact that Abilene required prepayment is a factor for consideration, but certainly is not controlling in itself. We could, as did the lower court, decide this issue on the basis of the limited record before us. It is our belief, however, that both parties misconceived the nature of the fact-finding

process on preliminary objections. We believe it appropriate, therefore, to remand this record to the lower court with directions that an order be entered allowing the parties a reasonable period of time in which to present evidence by deposition, interrogatories or otherwise which will allow for the proper resolution of issues of fact.

Order vacated and record remanded for further proceedings in accordance with this opinion.