## Luria *v.* Luria et al., Appellants.

Argued September 21, 1971. Before WRIGHT, P. J., WATKINS, MONTGOMERY, JACOBS, HOFFMAN, SPAULDING, and CERCONE, JJ.

*Hal F. Doig,* with him *Zink, Shinehouse & Holmes,* for appellants.

*Michael H. Egnal,* with him *John David Egnal,* and *Egnal and Egnal,* for appellee.

OPINION BY HOFFMAN, J., December 13, 1971:

This is an appeal from the order of the lower court overruling appellant's preliminary objection to the appellee's complaint. The preliminary objection asserted that the lower court had no jurisdiction over the appellant Luria's Cinnaminson, Inc., a New Jersey corporation which was not registered to do business in Pennsylvania.

Appellee's Answer to this preliminary objection was that appellant "has such contacts with the State of Pennsylvania as to make it amenable to the jurisdiction of the courts of this Commonwealth" in that, "it has maintained an account with the Continental Bank and Trust Company, in which it has deposited and withdrawn funds of the corporation. All the corporate books and records have been kept and maintained in the State of Pennsylvania. The said books have been maintained and still are in the possession of Jack Rovin, CPA, at 222 S. Easton Rd., Glenside (Pennsylvania), the sole and only accountant for the said company."

In appellant's argument to the court below on the preliminary objections, counsel stated that while appellant had had a Pennsylvania bank account, no checks had been drawn nor deposits entered on the account for more than six months before the suit was filed. Furthermore, he indicated that the account had not con-

tained more than thirty dollars. In response to appellee's contention concerning the corporate books and records, counsel argued that appellant's books had been in the hands of its former accountant in Pennsylvania for a brief period during the fall of 1970 for the sole purpose of enabling him to produce financial statements, and that other than for that brief interlude, the books and records of the appellant were reposed continuously in its Marlton, New Jersey, office. Appellant's counsel at the hearing below offered to prove, if given leave to take depositions, the allegations recited above. Although requested to do so, the court below neither ordered depositions nor interrogatories, and approximately fifteen days after oral argument it entered its order overruling defendant's preliminary objections.

The basis of this order was the view of the lower court as stated in its opinion that "[i]nasmuch as Pennsylvania is the location of the bank account and other books and records of the defendant corporation and all of the individual parties, including the corporate accountant, we concluded that there are sufficient contacts with Pennsylvania to give us jurisdiction over the corporation." Citing *Wenzel v. Morris*, 439 Pa. 364, 266 A. 2d 662 (1970), and *Cecere v. Ohringer Home Furniture Co.*, 208 Pa. Superior Ct. 138, 220 A. 2d 350 (1966).

In this appeal, it is sufficient for our purpose to note that the lower court's order was based upon its view of controverted facts. Specifically, appellant alleged that its books and records were in New Jersey and had never been kept in Pennsylvania except in one isolated instance, and further, that it had no substantial banking interests in Pennsylvania.

Before such factual determination was made, however, the lower court should have ordered the taking of depositions or the filing of interrogatories or both.

Rule 1028(c) of the Pennsylvania Rules of Civil Procedure provides that "[t]he court shall determine promptly all preliminary objections. *If an issue of fact is raised, the court shall take evidence by depositions or otherwise.*" (Emphasis added). In the instant case where appellant argued that it was not amenable to suit because it was not doing business in the Commonwealth, the taking of evidence by the court before decision was required. *Zeitchick Estate v. Zeitchick,* 215 Pa. Superior Ct. 106, 257 A. 2d 371 (1969), and *Szekely v. Abilene Flour Mills Co.,* 211 Pa. Superior Ct. 442, 237 A. 2d 242 (1967).

The order of the lower court is vacated and this case is remanded for proceedings consistent with this opinion.