## Alumbaugh v. Wallace Business Forms, Inc. et al., Appellants.

Argued September 12, 1973. Before WRIGHT, P. J., WATKINS, JACOBS, HOFFMAN, CERCONE, and SPAETH, JJ. (SPAULDING, J., absent).

*K. Robert Conrad,* with him *Arthur L. Pressman,* and *Pepper, Hamilton & Scheetz,* for appellants.

*William D. March,* for appellee.

OPINION BY HOFFMAN, J., December 11, 1973:

Appellants contend that the trial court erred in dismissing their preliminary objections, which alleged lack of personal jurisdiction over the parties.

The original action in assumpsit was brought by the appellee, a former employee of Wallace Business Forms, Inc., one of the appellants herein. In this action, the appellee sought the payments to him of his claimed vested interest in a profit-sharing and retirement fund. The fund is administered by the appellant, Wallace Business Forms, Inc., Profit-Sharing and Retirement Fund. The original Complaint was served by the Sheriff of Montgomery County at the office of the corporate employer upon the salesman in charge of the Montgomery County office.

Each appellant, represented by the same attorney, filed separate Preliminary Objections. The Fund claimed the Court lacked jurisdiction of the person for the reason that the salesman was not authorized to accept service of process on its behalf; that it was a trust domiciled in Illinois, carrying on no activities in the Commonwealth; and, that it was an entity separate and distinct from the corporate employer. The corporate employer also denied the jurisdiction of the Court, contending that the Fund was not properly served, and that since the Fund was an "indispensable party" to the case, no action could be maintained against the corporation alone. The appellee, on the other hand, argued that service of process upon Wallace Business Forms, Inc., was effective service upon the Fund.

A court en banc heard argument on appellants' objections. On December 14, 1972, the Court, through Judge C. Norwood WHERRY, dismissed appellants' Preliminary Objections. The lower court arrived at its decision after hearing oral argument, accepting formal briefs on the issues presented, and examining the pleadings and deposition of Herbert L. Dean, who served as the trustee of the Fund and as Vice-President of the corporate employer. Following the order of the court en banc dismissing preliminary objections, appellants took the appeal to this Court.

The major portion of appellants' brief is addressed to the argument that the Fund lacks "sufficient contacts" to permit the courts of Pennsylvania to obtain personal jurisdiction. The appellee chooses only to rebut appellants' arguments. While, at some later point, evidence in support of or in opposition to the lower court's jurisdiction over the person of the Fund would be of material importance, we are in agreement with the court en banc that on the state of the record, the issue is not able to be resolved.

Pennsylvania Rule of Civil Procedure 1028(c) requires that "[t]he Court shall determine promptly all preliminary objections. If an issue of fact is raised, the Court shall take evidence by deposition or otherwise." The Comment to this Rule, appearing in GOODRICH-AMRAM §1028(c)-3, delineates the duty and discretion of the Court in the case of doubtful cases. That Comment, which we believe reflects the proper interpretation of the Rule, provides:

". . . In each case, the Court is to enter an Order appropriate to the decision of the particular questions presented . . . . Doubtful cases should go to trial and not be disposed of on procedural grounds. This is particularly true if there are intricate factual relations and it is necessary to take evidence to substantiate or disprove the allegations.

"When the preliminary objections and the answer raise an issue requiring the production of extensive evidence the Court may, in its discretion, postpone the disposition of the matter until the trial on the merits. The evidence may then be taken as part of the general trial."

In the instant case, the appellants raised by way of Preliminary Objections questions of jurisdiction. This was certainly the proper method of bringing this issue to the Court's attention. No evidence of lack of juris-

diction was produced by either appellant. On the other hand, the appellee argued that jurisdiction was present.

Appellee presented the deposition of Mr. Dean (who served in the dual capacity of trustee of the Fund and Vice-President of the corporate employer), which established that the "Fund" is a trust created solely by Wallace Business Forms, Inc., and serves the function of providing not only an additional benefit to Wallace's employees, but also serves an additional inducement to prospective employees to accept employment with Wallace. Before payment of funds is made, Wallace determines and controls the propriety and amount of payments to an employee. This determination follows an investigation by Wallace officers and occurs after the Board of Directors "instructs" the Fund to release funds to the employee. The five trustees of the Fund are all Wallace employees, appointed by the Board of Directors of Wallace Business Forms, Inc. The Fund delivers annual statements, notice of payments of denial thereof, and benefits directly to employee residing in Pennsylvania. The Fund is maintained by money withheld or deducted from the paychecks of employees of Wallace, and by contributions from Wallace.

On the incomplete record presented to this Court, we believe that the appellee has presented evidence which tends to show that the Fund has sufficient "minimal contacts" with this Commonwealth to obtain personal jurisdiction over it. See, Business Corporation Act of 1968, 15 P.S. §2011C; *McCrory v. Girard Rubber Corporation* (and cases cited therein), 225 Pa. Superior Ct. 45, 307 A. 2d 435 (1973). Furthermore, we are not prepared, on this bare record, to conclude that it was inappropriate to obtain service of process on the Fund by serving the corporate employer. Additional evidence is necessary before a final resolution of these questions may be made.

The appellants argue that the appellee failed to prove that the Fund was "doing business" in this Commonwealth or to establish proper service of process. We agree that the issues of facts and law inherent in such conclusions remain in dispute. We disagree with the appellants, however, in their contention that they may sit back and, by the bare allegations as set forth in Preliminary Objections, place the burden upon the plaintiff to negate those allegations. As we said in *Lewandowski v. General Telephone Company*, 223 Pa. Superior Ct. 476, 479-480, 302 A. 2d 478 (1973):

"While a party may successfully sustain his argument that an interlocutory order concerning a jurisdictional question is appealable, it does not necessarily follow that we must decide issues raised on appeal where there are insufficient facts before us to make that determination . . . . [Once plaintiffs produced some evidence to support jurisdiction] it was incumbent upon the [defendants] to come forward with evidence of [their] own to dispel or rebut plaintiffs' evidence. The [appellants] chose not to offer any testimony at all at the time of the hearing. On that bare record, it is virtually impossible to make a judicious decision as to lack of jurisdiction over the [appellants]. . . . The parties should be permitted to litigate the matter fully and prove their positions. If at some later stage it becomes apparent that [appellants were] improperly joined, [they] may be dropped from suit. Our interruption into the proceedings at this time would be premature, dilatory, and wholly improper." See also, *Szekely v. Abilene Flour Mills Co.*, 211 Pa. Superior Ct. 442, 237 A. 2d 242 (1967).

Preliminary objections are, by their very nature, pleadings. Pa. R. C. P. 1017. In raising questions of jurisdiction, the defendants are the moving parties. The lower court recognizing the effect of preliminarily objecting to a Complaint, and realizing the complexity of

the facts necessary to resolve these issues, properly con-cluded that "[t]he plaintiff, as the non-moving party, should not be placed in the position of assuming the burden of producing evidence it does not control. . . ." As the appellants herein, offered no evidence to support their denials of jurisdiction, the court en banc appro-priately held that "[i]t was for *these reasons* that the Court entered its Order of December 14, 1972, dismiss-ing the preliminary objections." The opinion of the lower court emphasizes the fact that its Order does not prevent the appellants from raising and proving their allegations at the trial stage. This was, we believe, a correct ruling with respect to the rights and interests of the parties.

Order affirmed.