Schaffer, Appellant, *v.* Batyko.

Argued November 12, 1973. Before WRIGHT, P. J., WATKINS, JACOBS, HOFFMAN, CERCONE, and SPAETH, JJ. (SPAULDING, J., absent.)

*Michael Hahalyak,* for appellant.

*Carl W. Brueck, Jr.,* for appellee.

OPINION BY CERCONE, J., April 3, 1974:

This case comes to our court on appeal from the lower court's granting of defendant's preliminary objections in the nature of an attack on the court's jurisdiction over the person of defendant for want of service of either a writ of summons or complaint in trespass and for the running of the statute of limitations against plaintiff's claim.

An account of the docket entries is necessary for a proper consideration of this case. On February 7, 1964, plaintiff filed a praecipe for writ of summons in trespass as a result of injuries suffered by him as an invitee on defendant's premises. On January 14, 1966, the writ was reissued and plaintiff's attorney entered into settlement discussions with defendant's insurance carrier and furnished the carrier with full details of the accident and had plaintiff examined by the insurance carrier's doctor. On March 29, 1967, a complaint in trespass was filed. Neither the writ nor the complaint was served by the Sheriff on defendant. On May 18, 1970, the insurance carrier, purportedly on behalf of defendant, filed its preliminary objections relat-

ing to jurisdiction and to the statute of limitations, and also carrying an endorsement requiring plaintiff to plead or to suffer a default judgment, in accordance with Pa. Rules of Civil Procedure 1066 and 1361. Plaintiff filed an answer on June 2, 1970, in which he alleged that an agreement existed between plaintiff and defendant, who were brothers-in-law, to waive sheriff's service of the complaint and that defendant had agreed to pick up the complaint at the office of plaintiff's attorney. The answer further alleged that defendant's insurance carrier "was fully aware of the fact that suit had been filed by praecipe and pursuant thereto received the cooperation of counsel for the plaintiff in having plaintiff physically examined by the carrier's medical expert. In addition thereto, plaintiff's counsel had authorized the release of the hospital records of the plaintiff to the medical expert for the carrier." The matter was argued before the lower court on September 23, 1971, however, the record does not disclose the nature of the argument nor whether any evidence of any kind either by deposition or by testimony was presented by the parties or considered by the court. On November 4, 1971 prior to the lower court's disposition of the preliminary objections, plaintiff filed an affidavit of acceptance of service taken under oath by defendant, George Batyko. The affidavit reads as follows: "Before me, the undersigned authority, personally appeared George Batyko, who, being duly sworn according to law, deposes and says that he did agree with counsel for plaintiff not to have the complaint in the above case served on him by the Sheriff's office, but that instead he would pick up the Complaint at the office of the Plaintiff and that this would constitute good and valid service and that said agreement was made prior to the expiration of the limitation period, and writ. George Batyko agreed that proper service was made by reason of the said

agreement and that there was a waiver of the formalities of service and does hereby agree that under said agreement due service was made waiving any objection to improper service."

On November 10, 1972, the lower court sustained the preliminary objections and dismissed plaintiff's case. The opinion of the lower court discloses that it only considered the following docket entries; praecipe for writ of summons, reissuance of writ, complaint, and the preliminary objections filed by the insurance carrier. It ignores plaintiff's answer to the preliminary objections and affidavit of acceptance of service, both of which were filed before the court's opinion was handed down. (See Pa. R.C.P. 1028(c)). The fact that the court opinion came down approximately two years after the preliminary objections were filed may be some explanation for the court's failure to consider the later pleading and exhibit.

A preliminary objection should be granted only in those cases so free from doubt that a hearing on the matter would be useless. Where an inquiry into essential facts appears necessary, a party should not be deprived of the opportunity of presenting the disputed facts to a fact finder. This is similar to the principle we observe with respect to motions for summary judgment. *Philadelphia v. O'Brien,* 176 Pa. Superior Ct. 235 (1954); *Moore v. Zimmerman,* 221 Pa. Superior Ct. 359 (1972).

A court shall determine promptly all preliminary objections. If an issue of fact is raised, the court shall take evidence by deposition or otherwise. Pa. R.C.P. 1028(c). A preliminary objection is a pleading and an answer to it is equivalent to a defendant's answer to a plaintiff's complaint subject to all the rules of pleading of the complaint. Pa. R.C.P. 1017. In the instant case the insurance carrier endorsed its preliminary objections requiring an answer from the

plaintiff. The plaintiff answered, alleging facts which, if true, could very well protect plaintiff against dismissal of his cause of action. In the light of the affidavit of acceptance of service it appears that the insurance carrier had no authority or permission from defendant to attack the lack of service of the complaint. This matter together with other allegations set forth in plaintiff's answer should have been looked into by the lower court.

If the insurance carrier had no authority for attacking the lower court's jurisdiction over defendant, there seems to be no reason for dismissal of plaintiff's action. *Starling v. West Erie Avenue Building and Loan Association,* 333 Pa. 124 (1939) ; *Zidek v. Forbes National Bank,* 159 Pa. Superior Ct. 442 (1946).

The following cases cited by the insurance carrier are not dispositive of the question we are facing here. The case of *Bayshore v. Jackson,* 223 Pa. Superior Ct. 568 (1973) decided only that an appearance by defendant entered for the purpose of getting a complaint on the record is not a waiver of the defense of the statute of limitations. This question does not arise here. Furthermore, in *Bayshore,* plaintiff failed to serve a writ within the statutory limit and had no excuse or estoppel grounds in her favor. In *Mangino v. Lieber,* 442 Pa. 594 (1971) the Supreme Court affirmed the lower court's granting of summary judgment because plaintiff lacked excuse or estoppel benefits against its failure to serve a complaint within the statutory period. In *Ehrhardt v. Costello,* 437 Pa. 556 (1970), the court merely reiterated the principle that once an action is commenced by a praecipe for a writ of summons, the complaint becomes a "pleading" and not a "process". However, in this case the defendant through his affidavit of acceptance of service alleges that he agreed to pick up the complaint at the plaintiff's attorney's office in lieu of having the sheriff

serve the paper on him. If this agreement is valid, it is clear that the intent and purpose of the agreement was to waive service of process by the sheriff whether by writ or complaint and that the picking up of the complaint by defendant would be sufficient assertion by him of proper jurisdiction over him by the court. However, the validity and effect of the agreement is to be determined by the lower court and if it finds that the agreement is of no effect, then, of course, the failure of process would be fatal to plaintiff's action. On the other hand if the lower court finds that the agreement is binding, the failure of service would not be fatal. *Yefko v. Ochs*, 437 Pa. 233 (1970) also decided that once an action is commenced by praecipe for writ of summons, the complaint becomes a pleading and not a process and service of the writ and not of the complaint is necessary to confer jurisdiction. We agree that this proposition would be effective in our disposition of this case if we had nothing more to consider. But a factual issue is to be determined before our court can consider the application of the above principle of law. *Zarlinsky v. Laudenslager*, 402 Pa. 290 (1961) sets forth the time in which a writ must be served or reissued. However, again this principle can only be considered after the factual issues presented are determined as to whether or not an excuse or estoppel principle exists against failure of service, or whether or not an effective service has already been made.

We therefore reverse the lower court's granting of defendant's preliminary objections and remand for further hearing in accordance with the direction set forth in this opinion.

JACOBS, J., concurs in the result.