Greene *v.* Liebergott, Appellant.

Argued March 20, 1975. Before WATKINS, P. J., JACOBS, HOFFMAN, CERCONE, PRICE, VAN DER VOORT, and SPAETH, JJ.

*Herman M. Barenbaum,* with him *Ethel S. Barenbaum,* and *Barenbaum & Barenbaum,* for appellant.

*George C. Corson, Jr.,* submitted a brief for appellee.

OPINION BY JACOBS, J., September 22, 1975:

This is an appeal from the order of the court below granting appellee's motion to strike appellant's counterclaim. Because of the incomplete state of the record, we must vacate the order and remand to the lower court.

In November, 1967, appellee filed a complaint in assumpsit which was served on appellant. Over a year later, appellant filed an answer which also contained new matter and a counterclaim. Appellee then filed a preliminary objection requesting the lower court to strike off the answer, new matter and counterclaim as being untimely filed. The backer of the preliminary objection contained no notice to plead. No further pleadings were filed by appellant. After argument on the preliminary objection, the court below filed an order dismissing appellee's motion to strike the answer and new matter but granting appellee's motion to strike appellant's counterclaim. This appeal followed.[1]

Appellant now claims that certain correspondence between appellee and himself established an agreement by the parties to waive the twenty (20) days requirement for filing responsive pleadings. Pa.R.C.P. 1026. Although these letters are not contained in the official record, they are printed in the appendix of appellant's brief. Appellant, in his brief, also alleges that "[o]n oral argument, appellant's counsel read to the court excerpts from the letters. . . ." Appellant's brief at 3. Unfortunately, we, the appellate court, do not have a transcript of the proceedings at the oral argument. Nor does the record disclose that any evidence was taken by the lower court.

When preliminary objections are before the court, it shall "take evidence by deposition or otherwise" if an issue of fact is raised. Pa.R.C.P. 1028(c). Appellee's

---

1. Although the appealability of this order has not been questioned, it has been held that such an order is not interlocutory. *Broido v. Kinneman*, 375 Pa. 568, 101 A.2d 647 (1954).

preliminary objection alleged that "[the] Answer, New Matter, and Counterclaim of [appellant] were not filed in timely fashion under the Pennsylvania Rules of Civil Procedure or otherwise. . . ." Printed Record at 13a. Because the preliminary objection did not contain a notice to plead, this averment of fact must be considered as being denied by appellant despite his failure to file a responsive pleading. See Pa.R.C.P. 1029(d) and 1026. When this factual issue was created by the preliminary objection, it was incumbent on the court below to take evidence to resolve the dispute. See *Luitweiler v. North-chester Corp.*, 456 Pa. 530, 319 A.2d 899 (1974) ; *Luria v. Luria,* 220 Pa. Superior Ct. 168, 286 A. 2d 922 (1971) ; *Szekely v. The Abilene Flour Mills Co.,* 211 Pa. Superior Ct. 442, 237 A.2d 242 (1967). Although the lower court found that "[appellee's] counsel had agreed with [appellant's] counsel that he need not file an Answer within the time limits prescribed, but no agreement had ever been made in respect to a counterclaim," Printed Record at 15a, there is no evidence in the record to support this finding or any other finding of fact.

Consequently, we believe it appropriate to remand the record to the court below with directions that evidence be received to resolve the factual issues involved.[2]

Order vacated and record remanded for further proceedings in accordance with this opinion.

HOFFMAN, J., concurs in the result.

---

2. By the disposition of this case, we are not questioning the authenticity of the letters contained in the appendix of appellant's brief. However, it must be emphasized that, as an appellate court, we may only consider the evidence received by the court below and found in its record. See *Beam v. Carletti,* 229 Pa. Superior Ct. 168, 323 A.2d 180 (1974).