390 A.2d 238

Stephen P. LAFFEY, Trustee in Bankruptcy of Country Belle Cooperative Farmers and Milkland, Inc., its Wholly-Owned Subsidiary, Appellant,

v.

LEHIGH VALLEY DAIRY COOPERATIVE, and Richard L. Allison and Daniel B. Wanner, Individually, Defendants,

v.

Clyde S. ROBINSON, Richard G. Rhoades, Wendell J. Smith, Chester F. Elliott, Vance W. Burtner, Merle Claypoole, Francis L. McChesney, Robert H. Nehrig, W. Robert Orr, Ralph T. Oakes, Cliff J. Snyder, John D. Stockdale, and Wayne A. Wood, Additional Defendants,

v.

BALTIMORE BANK FOR COOPERATIVES, New Party Defendant, Appellee.

Superior Court of Pennsylvania.

Argued Nov. 15, 1977.

Decided July 12, 1978.

Robert E. Tucker, Pittsburgh, with him John B. Montgomery, Pittsburgh, for appellant.

Kenneth P. Simon, Pittsburgh, with him Allan A. Garfinkel, Pittsburgh, for appellee.

Before WATKINS, President Judge, and JACOBS, HOFFMAN, CERCONE, PRICE, VAN der VOORT and SPAETH, JJ.

JACOBS, President Judge:

This appeal arises from an order of the court below sustaining preliminary objections to service of process on the Baltimore Bank For Cooperatives (the Bank) and quashing the writ to join the Bank as a party. The question presented for our review is whether the Bank's activities rendered it subject to the in personam jurisdiction of the court below. However, for the reasons that follow, we cannot address the merits of this issue, and must remand the case for development of a record upon which the factual question of jurisdiction may be resolved.

Through its Trustee in Bankruptcy, Country Belle Cooperative Farmers (Country Belle) sued Lehigh Valley Dairy

Cooperative (Lehigh) in trespass and assumpsit for wrongful conversation of milk and breach of a management agreement. During discovery, the Trustee determined that the Bank, a lender to Country Belle and Lehigh, violated its fiduciary duty to Country Belle, and thereupon attempted to join the Bank as a party defendant.

The Bank, a non-registered foreign corporation, was served with process by registered mail through the Secretary of the Commonwealth pursuant to the long arm statute.[1] It then filed preliminary objections demurring to the complaint, challenging the subject matter jurisdiction of the court below, and contesting service of process on the basis that its activities are within the exception to the "doing business" requirement of the long arm statute.[2]

Subsequently, the Trustee attempted to depose the president of the Bank to inquire into the factual questions raised by preliminary objections, but the court below issued a protective order suppressing taking of the deposition until resolution of the preliminary objections.[3] Shortly thereafter, the lower court held that the Bank's activities are within the exception to the long arm statute, and consequently sustained preliminary objections to service of process and quashed the writ joining the Bank as a party. This appeal followed.

1. Act of November 15, 1972, P.L. 1063, No. 271, § 8307, 42 Pa.C.S. § 8307 (Supp.1977–78).

2. § 8309(c) provides:
Notwithstanding any other provision of this section, for the purposes of determining jurisdiction of courts within this Commonwealth, inspecting, appraising and acquiring real estate and mortgages, and other liens thereon, and personal property and security interest therein, and holding, leasing away, conveying and transferring the same, as fiduciary or otherwise, or collecting debts and enforcing mortgages and rights in property securing the same by any foreign corporation shall not constitute "doing business." Act of November 15, 1972, P.L. 1063, No. 271, § 8309, 42 Pa.C.S. § 8309(c) (Supp.1977–78).

3. The judge who issued the protective order in the court below was not the same judge who ruled on the preliminary objections.

Pa.R.C.P. 1028(c) provides in part that "[t]he court shall determine promptly all preliminary objections. If an issue of fact is raised, the court shall take evidence by depositions or otherwise." Examination of the pleadings in this case reveals the existence of a factual question raised by the Bank's preliminary objections, *i. e.,* whether the Bank's activities in Pennsylvania were sufficient to subject it to the in personam jurisdiction of Pennsylvania courts, notwithstanding the exception contained in 42 Pa.C.S. § 8309(c).

Paragraph six of the Trustee's complaint to join the Bank as an additional defendant states:

> The Bank since 1970 has continually and repeatedly done business within the Commonwealth of Pennsylvania by making loans to numerous Pennsylvania farm co-operatives and generally engaging in all activities associated with the business and profession of banking.

In paragraph three of its preliminary objections, however, the Bank avers:

> Baltimore's only activity in the Commonwealth was in connection with lending funds to Pennsylvania residents, acquiring mortgages and security interests in property evidencing the debts and collecting obligations from such residents.

In an attempt to establish the factual basis of in personam jurisdiction, appellant served notice of its intent to depose the Bank's president. However, a judge in the court below issued a protective order prohibiting the deposition until resolution of the Bank's preliminary objections. Although this action was within the sound discretion of the lower court, it effectively prevented appellant from establishing the factual basis of in personam jurisdiction. A noted commentator on our Rules of Civil Procedure states:

> Where the preliminary objection is used to raise jurisdictional questions, . . . all of the necessary facts to sustain the defense may not appear of record. To illustrate: the jurisdictional question might relate to . . . the propriety of the venue of an action against a foreign corporation based on an allegation that it was not amena-

ble to suit because not "doing business". . . . In [this instance] new issues of fact will be raised which will necessitate the taking of testimony before the propriety of the venue can. be determined.

2 Goodrich-Amram 2d *Standard Pennsylvania Practice* § 1028(c): 2 (1976).

Moreover, in *Luria v. Luria,* 220 Pa.Super. 168, 286 A.2d 922 (1971), we were presented with a factually similar situation, in which the non-registered foreign corporation filed preliminary objections asserting lack of in personam jurisdiction. In that case, however, plaintiff alleged in their answer to preliminary objections the existence of sufficient contacts to render defendant amenable to jurisdiction in Pennsylvania, and the trial court overruled the preliminary objections on that basis. We vacated and remanded, holding that the lower court should have taken evidence before making the factual determination of jurisdiction. As in the present case, the order of the lower court was based upon its own view of controverted facts.

Similarly, in *Luitweiler v. Northchester Corp.,* 456 Pa. 530, 319 A.2d 899 (1974), our Supreme Court vacated an order sustaining preliminary objections to a class action, and remanded the case for a factual determination of the propriety of maintaining the suit as a class action. "When factual issues are created on preliminary objections, the trial court should resolve the dispute by receiving evidence thereon through interrogatories, depositions or an evidentiary hearing." 456 Pa. at 535, 319 A.2d at 902.

In the case before us, the Bank's preliminary objections described its activities narrowly, in the precise terms of the statutory exception. The Trustee, on the other hand, averred a much broader scope of banking and business activities within Pennsylvania, and attempted to prove his allegations by deposing the Bank's president. When the court below suppressed the notice of deposition pending resolution of preliminary objections, it precluded determination of the

jurisdictional question raised upon preliminary objections.[4] Although we need not determine how the court should resolve the jurisdictional issue, we hold that it must evaluate the propriety of venue consistent with Rule 1028(c).

Accordingly, the order of the lower court sustaining preliminary objections is vacated, and the case remanded for proceedings consistent with this opinion.

WATKINS, former President Judge, did not participate in the consideration or decision of this case.

**4.** In suppressing the notice of deposition, the court below gave no reason for its action, stating only that the deposition "is prohibited until such time as a decision on the Preliminary Objections has been rendered by the Court." It may be helpful to note that Pa.R.C.P. 4007(a) permits taking of the deposition of any person regarding any matter relevant to the subject matter involved in the action which substantially aid in preparation of the pleadings or preparation or trial of the case. Furthermore, Pennsylvania has adopted the Uniform Interstate and International Procedure Act. Act of July 9, 1976, P.L. 586, No. 142, 42 Pa.C.S. §§ 5321–29 (1977).