395 A.2d 954

LOX, STOCK AND BAGELS, INC.

v.

KOTTEN MACHINE CO. OF CALIFORNIA, INC., Appellant.

Superior Court of Pennsylvania.

Submitted Sept. 15, 1978.

Decided Dec. 14, 1978.

---

86

B. Jerome Shane, Philadelphia, for appellant.

Sandor Engel, Allentown, for appellee.

Before PRICE, HESTER and HOFFMAN, JJ.

HOFFMAN, Judge:

Appellant contends that the lower court erred in dismissing its preliminary objections challenging personal jurisdiction because it was immune from service of process. Because there is no evidence in the record to allow for the proper resolution of this issue, we vacate the lower court's order and remand for further proceedings.

On May 3, 1977, appellant's general manager appeared before the Lehigh County Common Pleas Court to testify in a replevin action that appellant had instituted against appellee (hereinafter "Lox"). On that same day, Lox served appellant with a summons in assumpsit for the case at bar by having a deputy sheriff hand the writ to appellant's general manager in the Court House. To date, Lox has not filed a complaint in the instant assumpsit case.

On May 16, 1977, appellant filed preliminary objections to the service of the summons in assumpsit, claiming that its general manager was immune from service of process because he was in the Court House on May 3, 1977 for the purpose of testifying in the replevin action against Lox. On October 21, 1977, Lox filed a verified answer to appellant's preliminary objections in which it alleged that appellant's replevin action "arose from the same transaction and set of facts as the instant [assumpsit] action." The record contains no sworn affidavits or testimony, either in court or by deposition, from either party. On January 23, 1978, after oral argument, the lower court dismissed appellant's preliminary objections.[1] This appeal followed.

■■■■ Ordinarily, a non-resident defendant who is present in our jurisdiction only because he is a witness or party to litigation here is immune from service of process. *See Crusco v. Strunk Steel Co.,* 365 Pa. 326, 74 A.2d 142 (1950). However, "[w]here a nonresident commences an action within this Commonwealth our courts will not grant him immunity from service of process for a cause of action arising out of the same transaction." *Eberlin v. Pennsylvania Railroad Co.,* 402 Pa. 520, 523, 167 A.2d 155, 157 (1961). *See Fahy v. Abbattoir,* 223 Pa.Super. 185, 299 A.2d 323 (1973). A party-defendant who wishes to challenge our courts' personal jurisdiction over him must do so by filing preliminary objections. *Monaco v. Montgomery Cab Co.,* 417 Pa. 135, 140, 208 A.2d 252, 255 (1965); Pa.R.C.P. 1017(b)(1). As the moving party, he bears the burden of proving his objections. *Alumbaugh v. Wallace Business Forms, Inc.,* 226 Pa.Super. 511, 313 A.2d 281 (1973). Although most party-defendants can be expected to wait until the plaintiff filed his complaint before making jurisdictional objections, nothing in

1. In its opinion, the lower court specifically found: "That action [of appellant's] in replevin had arisen from the same transaction which gave rise to the instant complaint in assumpsit. The instant contract action could not be asserted in the replevin action, however, because of the prohibition against counterclaims contained in Pa.R.C.P. No. 1082(a)."

the Rules prevents him from raising his objections before the complaint is filed. *See* Goodrich-Amram 2d § 1013(b):5. Pa.R.C.P. 1028(c) requires that "[t]he court shall determine promptly all preliminary objections. If an issue of fact is raised, the court shall take *evidence* by depositions or otherwise." (emphasis added). "Doubtful cases should go to trial and not be disposed of on procedural grounds. This is particularly true if there are intricate factual relations and it is necessary to take evidence to substantiate or disprove the allegations." Goodrich-Amram 2d § 1028(c):3, cited with approval in *Alumbaugh, supra.* However, when the evidence in the record does not adequately support the lower court's disposition of the preliminary objections, we will remand for further proceedings. *Lewandowski v. General Telephone Company,* 223 Pa.Super. 476, 302 A.2d 478 (1973); *Szekely v. Abilene Flour Mills Company,* 211 Pa.Super. 442, 237 A.2d 242 (1967).

■ In concluding that appellant's non-resident general manager was not immune from service of process by Lox, the lower court apparently relied upon Lox's averment that Lox's assumpsit action arose out of the same transaction as appellant's replevin action. Although appellant bore the burden of proving immunity from service of process and presented no evidence in support of its claim, Lox likewise presented no evidence to support its averment. Thus, neither party presented the court with any evidence by which it could properly resolve the underlying issue of this case, i. e., whether the two actions arose from the same transaction. "We believe it appropriate, therefore, to remand this record to the lower court with directions that an order be entered allowing the parties a reasonable period of time in which to present evidence by deposition, interrogatories or otherwise which will allow for the proper resolution of issues of fact." *Szekely, supra,* 211 Pa.Super. at 446, 237 A.2d at 244.

Order vacated and record remanded for further proceedings in accordance with this opinion.