412 A.2d 577

ENVIROSYSTEMS CORPORATION

v.

Shirley E. WEINHARDT, Henry H. Weinhardt, Henry H. Weinhardt, Inc., Northwood Estate Developers and Northwood Estate, Inc., Appellants.

Superior Court of Pennsylvania.

Submitted March 23, 1979.

Filed Oct. 5, 1979.

Thomas W. Laffey, Jr., Pittsburgh, for appellants.

David R. Bahl, Williamsport, for appellee.

Before CERCONE, President Judge, and WATKINS and HOFFMAN, JJ.

HOFFMAN, Judge:

Appellant, Henry H. Weinhardt, Inc.[1], contends that the trial court erroneously denied its preliminary objections challenging in personam jurisdiction. Because we find the record insufficient for resolution of this issue, we vacate the order of the trial court and remand for further proceedings.

Plaintiff, Envirosystems Corporation, filed suit in assumpsit and trespass on March 6, 1978, against Shirley E. Weinhardt (hereinafter, Mrs. Weinhardt), Henry H. Weinhardt (her husband), Henry H. Weinhardt, Inc. and two other defendants. All of the complaints were served personally on Mrs. Weinhardt at her home address. Appellant filed preliminary objections which, inter alia,[2] challenged the sufficiency of service of process upon it. Those objections alleged, in pertinent part, that Mrs. Weinhardt's home address was "not the proper corporate address" of appellant and that Mrs. Weinhardt was not "any officer or person in charge of" appellant. Although the preliminary objections were endorsed with a notice to plead, plaintiff did not file an answer to them. Neither party requested, nor did the lower court order, depositions or testimony on the issues raised by the preliminary objections. After briefs and oral argument the lower court denied the preliminary objections. This appeal followed.

In *Szekely v. Abilene Flour Mills Co.*, 211 Pa.Super. 442, 237 A.2d 242 (1967), the appellant filed preliminary objections challenging jurisdiction on the basis of improper service of process, and both parties subsequently filed supporting affidavits. Neither party submitted further evidence. We found the record insufficient for resolution of the dispute and remanded to allow the parties to produce more facts on the issues raised by the preliminary objections. *See Luitweiler v. Norchester Corp.*, 456 Pa. 530, 319 A.2d 899

---

[1]. All five defendants below have joined as appellants in this interlocutory appeal. Because the appeal concerns only in personam jurisdiction over Henry H. Weinhardt, Inc., we will refer, for simplicity, to that corporation alone as "appellant."

[2]. Appellant filed numerous other preliminary objections, none of which is in issue on this appeal.

(1974); *Greene v. Liebergott*, 235 Pa.Super. 475, 344 A.2d 501 (1975); *and Luria v. Luria*, 220 Pa.Super. 168, 286 A.2d 922 (1971) for similar dispositions.

We must remand in this case as well. The record, consisting solely of complaint, sheriff's return and preliminary objections, is even less informative than that in *Szekely, supra*. What we said in *Szekely* is equally applicable here:

> Pa.R.C.P. No. 1028 provides: "The court shall determine promptly all preliminary objections. If an issue of fact is raised, the court shall take evidence by depositions or otherwise." * * * We could, as did the lower court, decide this issue on the basis of the limited record before us. It is our belief, however, that both parties misconceived the nature of the fact-finding process on preliminary objections. We believe it appropriate, therefore, to remand this record to the lower court with directions that an order be entered allowing the parties a reasonable period of time in which to present evidence by deposition, interrogatories or otherwise which will allow for the proper resolution of issues of fact. 211 Pa.Super. at 445–46, 237 A.2d at 244.

Order vacated and record remanded for further proceedings in accordance with this opinion.