449 A.2d 625

**GATEWAY COAL COMPANY, a partnership, Appellant,**

v.

**Lawrence KELLY, Jr., and Larry Hall, individuals, and others in active concert or participating with them.**

Superior Court of Pennsylvania.

Argued April 27, 1982.

Filed Aug. 6, 1982.

Robert C. Gombar, Pittsburgh, for appellant.

Charles J. Morris, District Attorney, Waynesburg, for appellees.

Before ROWLEY, BECK and MONTEMURO, JJ.

PER CURIAM:

This is an appeal from an order sustaining appellees' preliminary objections and dismissing appellant's complaint.

The action arose out of the picketing of appellant's Gateway mine on March 17, 18 and 19, 1981 by appellees, who were not employees of appellant. Appellant's employees honored the picket line, causing the shut down of the Gateway mine. On March 19, 1981, appellant filed a complaint seeking injunctive relief and money damages. On the same date, the court entered a preliminary injunction against further picketing and on March 24, 1981, the court entered an order that the preliminary injunction remain in effect until further order of court.

On May 8, 1981, appellees filed preliminary objections (1) in the nature of a demurrer, alleging there was no cause of action against the individual appellees, but rather the action was against their union; (2) alleging lack of subject matter jurisdiction, on the ground that the case was under the exclusive jurisdiction of the National Labor Relations Board

(N.L.R.B.); (3) alleging a nonstatutory remedy [1]; and (4) alleging lack of conformity to the Rules of Civil Procedure. Oral argument was held on June 7, 1981.

On September 9, 1981, the court entered an order sustaining "the demurrer" and dismissing the complaint. However, it is clear from the court's opinion that the complaint was really dismissed on the court's conclusion that it lacked subject matter jurisdiction. The court found that the matter constituted a labor dispute and was arguably subject to the Labor Management Relations Act.[2] Therefore, the court held that its jurisdiction was preempted by the N.L.R.B. *San Diego Building Trades Counsel v. Garmon*, 359 U.S. 236, 79 S.Ct. 773, 3 L.Ed.2d 775 (1959). The court based its conclusion on the "fact" that appellees were members of the United Mine Workers Union, that they were employees of the Cumberland mine, owned by United States Steel Corporation, and that they were involved in a labor dispute with their employer. The nature of that dispute was not discussed.

The complaint makes no mention of any of the "facts" relied upon by the court. It merely alleges that certain "individuals" picketed its coal mine, interfered with its employment contracts and caused it monetary damage. The preliminary objections allege that appellees were members of the United Mine Workers. However, the objections were not endorsed with a notice to plead. Therefore, no responsive pleading by appellant was required and the averments are deemed to be denied. Pa.R.C.P. 1026, 1029(d).

The preliminary objection raising lack of subject matter jurisdiction clearly raised issues of fact. In such a case, the court must take evidence by deposition or otherwise. Pa.R.C.P. 1028(c). In this case, no sworn testimony was taken, either in court or by deposition, and no written interrogatories were filed. In fact, the record contains no evidence at all which would indicate that this matter might be within

1. This preliminary objection was later withdrawn.

2. Labor Management Relations Act, 1947, as amended, 29 U.S.C. §§ 141–187.

the jurisdiction of the N.L.R.B. Appellees contend that at oral argument, the court "became aware" of the fact that the pickets were United Mine Workers members who were involved in a labor dispute at a neighboring coal mine and that it "relied upon common knowledge of the community" that the matter claimed to constitute individual tortious acts was in reality a labor dispute. Unfortunately, that did not create a record for appellate review of the question of subject matter jurisdiction.

Where the evidence in the record does not adequately support the lower court's disposition of preliminary objections, we will remand for further proceedings. *Lox, Stock & Bagels, Inc. v. Kotten Machine Co.*, 261 Pa. Superior Ct. 84, 395 A.2d 954 (1978); *Szekely v. Abilene F. Mills Co.*, 211 Pa.Super. 442, 237 A.2d 242 (1967). Therefore, we will remand this case so that the trial court may supplement the record by deposition, interrogatories or otherwise, which will allow for the proper resolution of the issues of fact raised by the preliminary objections.

Order vacated and case remanded for further proceedings in accordance with this opinion. Jurisdiction is relinquished.