454 A.2d 1131

**HOLT HAULING AND WAREHOUSING SYSTEMS, INC., Appellant,**

**v.**

**ARONOW ROOFING COMPANY.**

Superior Court of Pennsylvania.

Argued March 30, 1982.

Filed Jan. 14, 1983.

Arnold Levin, Philadelphia, for appellant.

Saul Doner, Philadelphia, for appellee.

Before WIEAND, McEWEN and POPOVICH, JJ.

WIEAND, Judge:

Holt Hauling and Warehousing Systems, Inc. (Holt) has appealed from an order dismissing an action in assumpsit against Aronow Roofing Company (Aronow) on grounds that the court lacked "in personam jurisdiction over [Aro-

now]." The action was commenced by the issuance of a summons served on Aronow by certified mail, return receipt requested, directed to Aronow's office and principal place of business in Camden, New Jersey. Aronow is a New Jersey corporation. Holt is a Pennsylvania corporation with principal place of business in Gloucester, New Jersey. These facts are contained in a subsequently filed complaint which alleges that Holt has been damaged by Aronow's breach of a contract to place a new roof on Holt's building in Gloucester, New Jersey.

Preliminary objections were filed by Aronow alleging, inter alia,[1] that the trial court lacked jurisdiction because the agreement had been executed in New Jersey, performance was to take place in New Jersey, and the places of business of both parties were located in New Jersey. Holt's answer to Aronow's preliminary objections admitted these facts but countered that Aronow regularly and systematically did business in Pennsylvania and, therefore, was properly subjected to suit in Pennsylvania. See: 42 Pa.C.S. § 5301(a)(2).[2] Aronow caused its preliminary objections to be listed for determination; and the trial court,

1. Aronow also attempted to raise in preliminary objections the defense of the statute of limitations. A waivable statute of limitations is properly pleaded as new matter and should not be raised in preliminary objections. *Stein v. Richardson,* 302 Pa.Super. 124, 139, 448 A.2d 558, 566 (1982); Pa.R.C.P. 1030, 1017(b)(4).

2. 42 Pa.C.S. § 5301 provides in pertinent part as follows:
 (a) General rule.—The existence of any of the following relationships between a person and this Commonwealth shall constitute a sufficient basis of jurisdiction to enable the tribunals of this Commonwealth to exercise general personal jurisdiction over such person ... and to enable such tribunals to render personal orders against such person ...:
 ....
 (2) Corporations.—
 ....
 (iii) The carrying on of a continuous and systematic part of its general business within this Commonwealth.
 ....
 (b) Scope of jurisdiction.—When jurisdiction over a person is based upon this section any cause of action may be asserted against him, whether or not arising from acts enumerated in this section
 ...

without receiving evidence, sustained Aronow's objections to the court's jurisdiction and dismissed the complaint. An opinion filed pursuant to Pa.R.A.P. 1925(a) suggests that Holt failed to "meet its burden and show" that Aronow regularly and systematically did business in Pennsylvania. Hence, the order dismissing the complaint. This was error.

 Where a defendant wishes to challenge the court's exercise of in personam jurisdiction, he may do so by filing preliminary objections. *Lox, Stock & Bagels, Inc. v. Kotten Machine Co. of California, Inc.*, 261 Pa.Super. 84, 87, 395 A.2d 954, 955 (1978) citing *Monaco v. Montgomery Cab Co.*, 417 Pa. 135, 140, 208 A.2d 252, 255 (1965); Pa.R.C.P. 1017(b)(1). If an issue of fact is raised by the preliminary objections, "the court shall take evidence by depositions or otherwise." Pa.R.C.P. 1028(c). In such a situation the court may not reach a determination based upon its view of the controverted facts, but must "resolve the dispute by receiving evidence thereon through interrogatories, depositions or an evidentiary hearing." *Luitweiler v. Northchester Corporation*, 456 Pa. 530, 535, 319 A.2d 899, 902 (1974). Accord: *Telstar Corporation v. Berman*, 281 Pa.Super. 443, 448, 422 A.2d 551, 554 (1980); *Envirosystems Corporation v. Weinhardt*, 271 Pa.Super. 66, 68, 412 A.2d 577, 578 (1979); *Lox, Stock & Bagels, Inc. v. Kotten Machine Co. of California, Inc.*, supra 261 Pa.Super. at 88, 395 A.2d at 956; *Laffey v. Lehigh Valley Dairy Cooperative*, 257 Pa. Super. 45, 49, 390 A.2d 238, 240 (1978); *Greene v. Liebergott*, 235 Pa.Super. 475, 477, 344 A.2d 501, 502 (1975); *Schaffer v. Batyko*, 227 Pa.Super. 62, 65, 323 A.2d 62, 63–64 (1974); *Luria v. Luria*, 220 Pa.Super. 168, 171, 286 A.2d 922, 923 (1971). The failure of the parties to provide the evidence necessary for a proper determination of the issue does not excuse the court from further inquiry. Thus, it was incumbent on the court below to take evidence to resolve the dispute. See: *Greene v. Liebergott*, supra 235 Pa.Super. at 477, 344 A.2d at 502. Accord: *Schaffer v. Batyko*, supra 227 Pa.Super. at 65–66, 323 A.2d at 63–64. *Luria v. Luria*, supra 220 Pa.Super. at 170–171, 286 A.2d at 923–924. Moreover, it was not Holt but Aronow who, as

the moving party, bore the burden of supporting its objections to the court's jurisdiction. *Lox, Stock & Bagels, Inc. v. Kotten Machine Co. of California, Inc., supra* 261 Pa.Super. at 88, 395 A.2d at 955; *Liggitt v. Liggitt,* 253 Pa.Super. 126, 131, 384 A.2d 1261, 1263–1264 (1978); *Alumbaugh v. Wallace Business Forms, Inc.,* 226 Pa.Super. 511, 516–517, 313 A.2d 281, 284 (1973); *Lewandowski v. General Telephone Company,* 223 Pa.Super. 476, 480, 302 A.2d 478, 480 (1973).

The record in this case does not contain evidence from which it can be determined that Aronow was not systematically doing business in Pennsylvania as Holt has alleged. Therefore, a remand is necessary to allow the parties a reasonable period of time within which to present evidence by deposition, interrogatories or otherwise which will allow a determination of the factual issues raised by Aronow's preliminary objections and Holt's answer thereto. *Envirosystems Corporation v. Weinhardt, supra* 271 Pa. Super. at 68, 412 A.2d at 578; *Lox, Stock & Bagels, Inc. v. Kotten Machine Co. of California, Inc., supra* 261 Pa.Super. at 88, 395 A.2d at 956; *Laffey v. Lehigh Valley Dairy Cooperative, supra* 257 Pa.Super. at 49–50, 390 A.2d at 240; *Greene v. Liebergott, supra* 235 Pa.Super. at 477, 344 A.2d at 502; *Szekely v. Abilene Flour Mills Company,* 211 Pa.Super. 442, 446, 237 A.2d 242, 244 (1967).

Order vacated and record remanded for proceedings consistent with this opinion.

Jurisdiction is relinquished.

McEWEN, J., files a dissenting opinion.

McEWEN, Judge, dissenting:

The majority expresses its view in fine and careful fashion but I respectfully dissent. The plaintiff corporation maintains a principal place of business in New Jersey, the defendant is a New Jersey corporation, the contract under which the dispute arose was executed in New Jersey and the work to be performed under the contract was to be performed in New Jersey.

The Philadelphia County Common Pleas Court dismissed the suit by sustaining the preliminary objections of the defendant to the jurisdiction of the Pennsylvania Courts, presumably because it concluded the forum for this litigation should be in New Jersey. I am not prepared to declare that decision was error.

The majority is quite correct that the pertinent statute confers jurisdiction of this suit upon the courts of this Commonwealth were it to be shown that the corporate defendant carries on "a continuous and systematic part of its general business within the Commonwealth." 42 Pa.C.S. § 5301.

Since it was the plaintiff corporation which pleaded that the defendant corporation systematically did business in Pennsylvania and was, therefore, properly subjected to suit in Pennsylvania, it was, therefore, the duty of the plaintiff corporation to schedule a hearing to present such evidence as it deemed adequate to prove that allegation. The plaintiff did not do so but I do not agree that when the litigant so fails it becomes the responsibility of the court to prod a party into the presentation of evidence. When the matter was called for disposition, the posture of the record of the case was such that the court had no alternative but to dismiss the suit. For that reason, I would affirm.