J-S49043-14

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| GUNITE SPECIALIST, INC. | IN THE SUPERIOR COURT OF |
| :--- | :---: |
| | PENNSYLVANIA |
| Appellee | |
| | |
| v. | |
| | |
| OUTDOOR SPACES DESIGN GROUP, AND ROBERT KAYE | |
| | |
| Appellants | No. 522 EDA 2014 |

Appeal from the Order Entered February 12, 2014
In the Court of Common Pleas of Montgomery County
Civil Division at No: 2009-31844

BEFORE:  OLSON, OTT, and STABILE, JJ.

MEMORANDUM BY STABILE, J.:                    **FILED OCTOBER 14, 2014**

Appellants/defendants, Outdoor Spaces Design Group ("Outdoor") and Robert Kaye ("Kaye"), appeal the February 12, 2014 order overruling their preliminary objections asserting lack of personal jurisdiction.  We reverse and remand.

On October 6, 2009, Appellee/plaintiff, Gunite Specialist, Inc. ("Gunite"), filed a complaint against Appellants alleging breach of contract and unjust enrichment.  The complaint alleges the parties engaged in three oral agreements for Gunite to "perform pool related services" at several of Appellants' properties in New Jersey.  Complaint, 10/06/09, at ¶¶ 4-5.  The complaint further alleges Gunite performed its obligations and Appellants failed to pay in accordance with the parties' oral agreements.  *Id.* at ¶¶ 7-

10. Gunite is a Pennsylvania Corporation based in Norristown, Montgomery County. ¶ 1. Outdoor is an unincorporated entity with an office in Marlboro, New Jersey and Kaye is the president of Outdoor, also living in Marlboro, New Jersey. *Id.* at ¶¶ 2-3. The complaint alleges Appellants contacted Gunite by telephone at Gunite's Norristown office to arrange for Gunite's services. *Id.* at ¶ 6-16.

Appellants responded with preliminary objections, dated October 26, 2009, alleging the trial court lacked personal jurisdiction over them. Pa.R.C.P. 1028(a)(1). Specifically, Appellants alleged Outdoor operates exclusively in New Jersey and that Kaye is a New Jersey resident. Preliminary Objections, 10/26/09, at ¶ 10. Appellants allege that Outdoor "did not advertise its services in Pennsylvania, did not avail itself of the privilege of acting within Pennsylvania and could not reasonably anticipate being called to defend itself in this forum." *Id.* at ¶ 21. Appellants also allege Outdoor took no action in Pennsylvania with respect to Gunite's claims. *Id.* at ¶ 23. In addition, Kaye filed an affidavit stating that Outdoor never conducted business or advertised its services in Pennsylvania. *Id.* at Exhibit B. In its response to Appellants' preliminary objections, Gunite asserts the parties exchanged correspondence in furtherance of their oral agreement and that Appellants' availed themselves of this state's jurisdiction by seeking the services of an entity incorporated and conducting business in Pennsylvania. Response to Preliminary Objections, 11/12/09, at ¶¶ 2, 6.,

10, 21-25. Gunite's response also alleges Kaye acted in his individual capacity at the time of the parties' agreement and did not incorporate Outdoor until 2006. *Id.* at ¶ 7.

After a lengthy delay, the reasons for which are not apparent from the record, the trial court issued a notice of intent to terminate the case for inactivity dated August 13, 2013. *See* Pa.R.C.P. 230.2(a) ("The Court may initiate proceedings to terminate a case in which there has been no activity of record for two years or more by serving a notice of proposed dismissal of court case."). Gunite filed a statement of intention to proceed the next day. On December 24, 2013 the trial court entered an order overruling Appellants' preliminary objections.[1] On February 12, 2014, the trial court amended its order to indicate, pursuant to Pa.R.A.P. 311(b)(2), that this matter presents a substantial issue of personal jurisdiction. Pa.R.A.P. 311(b)(2).[2] As such, the February 12, 2014 order was immediately

_____

[1] In addition to the objection for lack of personal jurisdiction, Appellants objected to venue and alleged Gunite failed to state a claim. The trial court overruled all three of Appellants' preliminary objections. Only personal jurisdiction is at issue in this appeal.

[2] Pa.R.A.P. 311(b)(2) provides:

> (b) **Order sustaining venue or personal or in rem jurisdiction.** An appeal may be taken as of right from an order in a civil action or proceeding sustaining the venue of the matter or jurisdiction over the person or over real or personal property if:

*(Footnote Continued Next Page)*

appealable as of right.  ***Id.***  Appellants filed this timely appeal on February 14, 2014.  They raise a single issue for our review:

> Whether the lower court abused its discretion and/or committed an error of law by overruling defendants' preliminary objections based upon lack of personal jurisdiction where:  (1) plaintiff failed to produce evidence that disputed defendants' evidence challenging jurisdiction, and (2) the lower court improperly accepted the bare allegations contained in the complaint as evidence when overruling defendants' preliminary objections?

Appellants' Brief at 6.[3]

We conduct our review according to the following:

> [O]ur standard of review of an order of the trial court overruling or granting preliminary objections is to determine whether the trial court committed an error of law.  When considering the appropriateness of a ruling on preliminary objections, the appellate court must apply the same standard as the trial court.  When considering preliminary objections, all material facts set forth in the challenged pleadings are admitted as true, as well as all inferences reasonably deducible therefrom. Preliminary objections which seek the dismissal of a cause of action should be sustained only in cases in which it is clear and free from doubt[.]

***O'Donnell v. Hovnanian Enters.***, 29 A.3d 1183, 1186 (Pa. Super. 2011)

(citations omitted).   Where  personal  jurisdiction  is  at  issue,  the  party

---

*(Footnote Continued)* ————————————

[. . .]

> (2) the court states in the order that a substantial issue of venue or jurisdiction is presented.

Pa.R.A.P. 311(b)(2).

[3]  We note with disapproval that Appellee has not filed a brief.

challenging the court's jurisdiction bears the burden of supporting its objection with evidence. ***De Lage Landen Fin. Servs. v. The Urban P'ship, LLC***, 903 A.2d 586, 589-90 (Pa. Super. 2006). The burden shifts to the plaintiff after the defendant presents "affidavits or other evidence" in support of its jurisdictional objection. ***Id.*** at 590 (citing ***Holt Hauling and Warehousing Sys. Inc. v. Aronow Roofing Co.***, 454 A.2d 1131 (Pa. 1983)). "[W]hen a fact issue is raised by preliminary objections regarding *in personam jurisdiction*, the court is to take evidence and may not reach a determination based upon controverted facts, even if the parties fail to provide such evidence themselves." ***Id.*** (quoting ***Gall v. Hammer***, 617 A.2d 23, 24 (Pa. Super. 1992)). Ultimately the trial court must consider the evidence in the light most favorable to the nonmoving party. ***Id.*** at 589.

A Pennsylvania court can obtain jurisdiction over an unincorporated entity where the entity is qualified as a foreign entity under Pennsylvania law, where the entity consents, or where the entity carries on a "continuous and systematic part of its general business within this Commonwealth." 42 Pa.C.S.A. § 5301(a)(3). Kaye's affidavit expressly disavows all three of these circumstances. Preliminary Objections, 10/26/09, at Exhibit B. Gunite offers no evidence to refute the Kaye affidavit.[4] Concerning a person, a Pennsylvania court can exercise jurisdiction where the person is present or

---

[4] Other than its August 14, 2014 statement of intent to proceed, Gunite has done almost nothing in this case since 2009.

- 5 -

domiciled within this Commonwealth, or where the person consents. 42 Pa.C.S.A. § 5301(a)(1). Gunite's complaint contains no allegations to support personal jurisdiction over Kaye. Thus, § 5301, governing general personal jurisdiction, does not apply here.

Next, we consider 42 Pa.C.S.A. § 5322, known as the long-arm statute, which lists circumstances under which a court may exercise personal jurisdiction over a party outside the Commonwealth. Among the appropriate bases for jurisdiction under § 5322 are the defendant's transacting business in this Commonwealth or causing harm in this Commonwealth by an act or omission outside of this Commonwealth. 42 Pa.C.S.A. § 5322(a)(1), (4). Jurisdiction is appropriate under the long arm statute and the United States Constitution if the defendant's contacts with the foreign state are "such that the defendant could reasonably anticipate being called to defend itself in the forum." *Hall-Woolford Tank Co., Inc. v. R. F. Kilns, Inc.*, 698 A.2d 80, 82 (Pa. Super. 1997) (*citing* *Kubik v. Letteri*, 614 A.2d 1110, 1115 (Pa. 1992)).[5]

> Random, fortuitous and attenuated contacts cannot reasonably notify a party that it may be called to defend itself in a foreign forum and, thus, cannot support the exercise of personal jurisdiction. That is, the defendant must have purposefully directed its activities to the forum and conducted itself in a manner indicating that it has availed itself of the

---

[5] The *Kubik* Court adopted the United Supreme Court's analysis set forth in *Burger King Corp. v. Rudzewicz*, 471 U.S. 462 (1985).

forum's privileges and benefits such that it should also be subject to the forum state's [jurisdiction].

*Id.* at 82-83. Thus, "the totality of the parties' dealings, including the contract negotiations, contemplated future consequences of the contract, and actual course of dealing must be evaluated in order to determine whether the foreign defendant is subject to suit in the plaintiff's chosen forum." *Id.* at 83.

The *Hall-Woolford* Court found the following evidence insufficient to support personal jurisdiction:

> By merely entering into a contract with a Pennsylvania corporation, making several follow-up telephone calls and sending a payment invoice, it cannot be said that Kilns purposefully availed itself of our state's benefits and protections such that it could reason -- ably anticipate being called to defend itself in our courts. If contacts such as these were the benchmark for jurisdiction, our courts could require foreign defendants to defend themselves in Pennsylvania based upon minimal, rather than minimum, contacts.

*Id.* at 84.

Instantly, the trial court reasoned that Appellants' entry into an agreement with Gunite by telephoning Gunite at its Norristown offices gave rise to personal jurisdiction. On the state of the record before us, we cannot agree. As explained above, the burden shifted to Gunite to support its jurisdictional allegations after Appellants' objected to the court's jurisdiction and filed an affidavit. Gunite did nothing other than offer vague allegations in its response to Appellants' preliminary objections. The case then sat idle for several years, during which Gunite made no effort to take discovery. As

a result, the trial court's order rests on bare allegations in paragraphs 6 and 16 of Gunite's complaint. The record therefore is not sufficient to permit the trial court to conduct the required constitutional analysis set forth by our Supreme Court in **Kubik** and this Court in **Hall-Woolford**. The deficient record is a result of Gunite's prolonged failure to support its jurisdictional allegations. We therefore reverse the trial court's order and remand for entry of an order sustaining Appellants' preliminary objections under Rule 1028(a)(1).

Order reversed. Case remanded. Jurisdiction relinquished.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 10/14/2014