Edward M. **SNIDER**, and Martha Snider

v.

**HOWARD S. SLATKIN, INC.,**
a New York Corporation

No. Civ.A. 99–CV–5315.

United States District Court,
E.D. Pennsylvania.

July 13, 2000.

F. Warren Jacoby, Cozen & O'Connor, Philadelphia, PA, for plaintiffs.

Robert J. Sugarman, Sugerman & Associates, P.C., Philadelphia, PA, for defendant.

## MEMORANDUM AND ORDER

JOYNER, District Judge.

Defendant Howard S. Slatkin, Inc., moves to dismiss this action for lack of in personam jurisdiction pursuant to Fed. R.Civ.P. 12(b)(2). Plaintiffs request that if the Court determines that it does not have personal jurisdiction over the Defendant that the Court, in the proper exercise of its discretion and in the interests of justice, transfer this action to a California District Court.

### History of the Case

Plaintiffs, Edward M. Snider and Martha Snider, are residents of the Commonwealth of Pennsylvania. In June of 1995, Plaintiffs purchased property at 1627 East Valley Road, Montecito, Santa Barbara County, California. Soon after the purchase of the property, Plaintiff sought the professional services of the interior design firm, Defendant Howard S. Slatkin, Inc., a New York corporation with its principal place of business in New York City. On August 26, 1997, Plaintiffs entered into a contract with the Defendant for interior design services to be provided by the Defendant for the Plaintiffs' property in California. Under the terms of the "Letter of Agreement," Plaintiffs were required to pay the Defendant a $200,000 retainer. Plaintiffs signed the Letter of Agreement and paid the retainer. On October 16, 1997, Plaintiffs terminated the services of the Defendant alleging Defendant had breached its obligations under the Letter of Agreement, demonstrated bad faith, refused to form a reasonable budget, and was unable to cooperate with others involved with the project. A dispute soon arose between the Plaintiffs and the Defendant over the assessment of costs prior to termination of the contract and the return of the retainer.

By way of their motion to dismiss, Defendant asserts that it does not have the requisite minimum contacts with Pennsylvania such as to permit this Court to exercise jurisdiction over it. Plaintiffs, however, argue that there is a sufficient basis for jurisdiction in this forum given that the Defendant advertises in magazines that are circulated in Pennsylvania, a significant number of phone calls, faxes, and letters were sent by Defendant to the Plaintiffs in Pennsylvania relating to this specific matter, and that given the large amount of commonplace interstate commerce between New Jersey, New York, and Pennsylvania, Defendant should have reasonably anticipated being haled into court here.

### Standards Applicable to 12(b)(2) Motions

Lack of personal jurisdiction is a waivable defense under Fed.R.Civ.P. 12(h)(1) and therefore the defendant must raise lack of personal jurisdiction by filing a motion to dismiss under Fed.R.Civ.P. 12(b)(2). See, Santana Products, Inc. v. Bobrick Washroom Equipment, 14 F.Supp.2d 710, 712–713 (M.D.Pa.1998). "Once the defense is raised, however, the burden shifts to the plaintiff to establish, by a preponderance of the evidence, sufficient facts demonstrating the court's jurisdiction." Carteret Savings Bank, FA v. Shushan, 954 F.2d 141, 146 (3d Cir.1992), cert. denied, 506 U.S. 817, 113 S.Ct. 61, 121 L.Ed.2d 29 (1992). To prove jurisdiction is proper, the plaintiff must present a prima facie case by "establishing with reasonable particularity sufficient contacts between the defendant and the forum state." Mellon Bank (East) PSFS, National Association v. Farino, 960 F.2d 1217, 1223 (3d Cir.1992), citing Provident Nat'l Bank, 819 F.2d 434, 437 (3d Cir.1987). A Rule 12(b)(2) motion "requires resolution of factual issues outside the pleadings, i.e., whether in personam jurisdiction actually lies." Time Share Vacation Club v. Atlantic Resorts, Ltd., 735 F.2d 61, 66 (3d Cir. 1984). The plaintiff may not merely rely on the bare pleadings in order to withstand a defendant's 12(b)(2) motion to dismiss for lack of personal jurisdiction; in light of the motion, the plaintiff must respond with actual proofs not mere allegations. Clark v. Matsushita Electric In-

*dustrial Co., Ltd.,* 811 F.Supp. 1061, 1064 (M.D.Pa.1993).

### *Discussion*

**A. Jurisdiction**

■ "Whether a federal court has personal jurisdiction over an out-of-state defendant depends upon the forum's long arm jurisdiction and due process considerations." *Pennzoil Products Company v. Colelli & Associates, Inc.,* 149 F.3d 197, 200 (3d Cir.1998), citing *Mellon Bank (East) PSFS, N.A.,* 960 F.2d at 1221. Rule 4(e) authorizes jurisdiction to be exercised over non-resident defendants to the fullest extent allowed under the law of the state where the district court sits. *Mesalic v. Fiberfloat Corp.,* 897 F.2d 696, 698 (3rd Cir.1990). Pennsylvania's long arm statute extends personal jurisdiction to "the fullest extent allowed under the Constitution of the United States." 42 PA.C.S. 5322(b). The Court of Appeals explained the process of determining personal jurisdiction in *IMO Industries, Inc. v. Kiekert AG,* 155 F.3d 254, 259 (3d Cir. 1998): "a federal court sitting in diversity must undertake a two-step inquiry. First, the court must apply the relevant state long-arm statute to see if it permits the exercise of personal jurisdiction; then, the court must apply the precepts of the Due Process Clause of the Constitution. In [Pennsylvania], this inquiry is collapsed into a single step because the ... long-arm statute permits the exercise of personal jurisdiction to the fullest limits of due process."

■ Pursuant to the Fourteenth Amendment's Due Process Clause, personal jurisdiction exists where the plaintiff demonstrates that the defendant has purposely established 'minimum contacts' in or purposely directed its activities toward residents of the forum state. *Asahi Metal Industry Co., Ltd. v. Superior Court of California,* 480 U.S. 102, 108, 107 S.Ct. 1026, 1030, 94 L.Ed.2d 92 (1987) quoting *Burger King Corp. v. Rudzewicz,* 471 U.S. 462, 474, 105 S.Ct. 2174, 2183, 85 L.Ed.2d 528 (1985) and *International Shoe Co. v.*

*Washington,* 326 U.S. 310, 316, 66 S.Ct. 154, 158, 90 L.Ed. 95 (1945). Pennsylvania's long arm statute includes both general and specific jurisdiction over out-of-state defendants. 42 Pa.C.S. 5301, 5322.

■ To assert general jurisdiction over a nonresident, a plaintiff must establish that a defendant's contacts with the forum state are so "continuous and substantial" with the forum state that the defendant should reasonably expect to be haled into court there on any cause of action. *Helicopteros Nacionales de Colombia, S.A. v. Hall,* 466 U.S. 408, 414–16, 414 n. 9, 104 S.Ct. 1868, 80 L.Ed.2d 404 (1984); *Provident Nat'l Bank v. California Fed. Sav. & Loan Ass'n,* 819 F.2d 434, 437 (3d Cir.1987). For general jurisdiction to exist, the defendant must have purposely availed itself of the benefits and protections of the laws of the forum in which plaintiff seeks to establish personal jurisdiction. *See Burger King Corp.,* 471 U.S. at 475, 105 S.Ct. 2174; *World–Wide Volkswagen Corp. v. Woodson,* 444 U.S. 286, 299, 100 S.Ct. 559, 62 L.Ed.2d 490 (1980); *Hanson v. Denckla,* 357 U.S. 235, 253, 78 S.Ct. 1228, 2 L.Ed.2d 1283 (1958). This Circuit has consistently held that, without more, advertising in national publications "does not constitute 'continuous and substantial' contacts with the forum state." *See Weber v. Jolly Hotels,* 977 F.Supp. 327, 333 (D.N.J.1997), citing *Gehling v. St. George's School of Medicine,* 773 F.2d 539, 542 (3d Cir.1985) and *Hearst Corp. v. Goldberger,* 1997 WL 97097 at *10; *see also Giangola v. Walt Disney World Co.,* 753 F.Supp. 148, 156 (D.N.J.1990).

■ Specific jurisdiction may arise when particular or infrequent contacts by the defendant with the forum state are related to plaintiff's claim. *Pennzoil Products Co.,* 149 F.3d at 200. For specific jurisdiction to exist, "plaintiff must satisfy a two part test. First, the plaintiff must show that the defendant has constitutionally sufficient 'minimum contacts' with the forum." *IMO Industries, Inc.,* 155 F.3d at 259 quoting *Burger King Corp. .,*

471 U.S. at 474, 105 S.Ct. 2174. "Second, for jurisdiction to be exercised, the court must determine, in its discretion, that to do so would comport with traditional notions of 'fair play and substantial justice.'" *IMO Industries, Inc.*, 155 F.3d at 259, quoting *Vetrotex Certainteed Corp. v. Consolidated Fiber Glass Products Co.*, 75 F.3d 147, 150–151 (3d Cir.1996). A defendant may be found to have purposefully established minimum contacts with a forum state by deliberately engaging in significant activities or by creating continuing obligations such that he has "availed himself of the privilege of conducting business there." *Arch v. The American Tobacco Company, Inc.*, 984 F.Supp. 830, 835 (E.D.Pa.1997). The use of interstate facilities such as the telephone, mail, or fax is an ancillary factor and therefore does not provide the minimum contacts required by due process. *Scullin Steel Co. v. National Railway Utilization Corp.*, 676 F.2d 309, 314 (8th Cir.1982). Among the factors that are considered are the burden on the defendant, the interests of the forum state, the plaintiff's interest in obtaining relief, the interstate judicial system's interest in obtaining the most efficient resolution of controversies and the shared interest of the several states in furthering fundamental substantive social policies. *Asahi Metal Industry Co.*, 480 U.S. at 113, 107 S.Ct. 1026.

Plaintiffs in the case at bar contend that this Court has both general and specific jurisdiction over the Defendant. We disagree. Plaintiffs have not met their burden to establish general or specific jurisdiction over the Defendant.

■ The Defendant is not a resident of Pennsylvania and the Plaintiffs have not shown that the Defendant's contacts with Pennsylvania are so "continuous and substantial" that the Defendant should reasonably expect to be haled into court here on any cause of action. To the contrary, Plaintiffs have made insufficient generalized statements instead of presenting substantial evidence to show general jurisdiction. In Plaintiffs' response to De-fendant's Motion to Dismiss, Plaintiffs argue that given the amount of commerce which takes place between the states of New York, New Jersey, and the Commonwealth of Pennsylvania, and the proximity and commonplace dealings among merchants of the three states, that the Defendant should have reasonably anticipated being haled into court in Pennsylvania. Following the logic of the Plaintiffs' argument, Defendant would have to anticipate the possibility of being haled into the court of any nearby state that has a significant amount of commercial dealings with New York. The Plaintiffs further aver "that Defendant advertises and/or has advertised in magazine(s) regarding its services, which magazine(s) have a circulation which includes the Commonwealth of Pennsylvania, for the purpose of making itself known in Pennsylvania and/or to attract business in the Commonwealth of Pennsylvania." The Plaintiffs, however have not shown any legal benefit or protection of the laws of Pennsylvania related to these alleged advertisements. Without more, the alleged advertisements do not constitute "continuous and substantial" contacts with the forum state. Therefore, this court lacks general jurisdiction over the Defendant.

■ We likewise reject the Plaintiff's argument that specific personal jurisdiction over the Defendant exists by virtue of the phone calls, faxes, and letters sent by the Defendant to the Plaintiffs in the Commonwealth of Pennsylvania. In the Third Circuit, "[i]t is well established that phone calls and letters are not necessarily sufficient in themselves to establish minimum contacts." *IMO Industries, Inc.*, 155 F.3d at 260, quoting *Reynolds v. Int'l Amateur Athletic Fed.*, 23 F.3d 1110, 1119 (6th Cir. 1994). In the present case, not only are the communications limited in quantity, but there is no direct act of "entry" into Pennsylvania by anyone from Howard S. Slatkin, Inc. in connection with this specific action or otherwise. The faxes were not just sent to Pennsylvania but to California as well, and the meetings between the

Plaintiffs and the Defendant related to this matter were held in California and New York, not in Pennsylvania. Therefore, in the absence of something more, the letters, phone calls, and faxes exchanged between Plaintiffs and Defendant are insufficient to establish specific personal jurisdiction.

Plaintiffs have asked that the Court order further discovery, however the Court finds that further discovery is unnecessary and would not amount to a different result. Even taking all of Plaintiffs' allegations as true, the evidence would still be insufficient to establish general or specific personal jurisdiction in this Court over the Defendant.

### B. Venue

Plaintiffs have requested that upon a finding of lack of personal jurisdiction that the Court transfer venue to the U.S. District of California. Under 28 U.S.C. § 1391, a civil action based on diversity jurisdiction may be brought only in:

(1) a judicial district where any defendant resides, if all defendants reside in the same State;

(2) a judicial district in which a substantial part of the events or omissions giving rise to the claim occurred ...;

(3) a judicial district in which any defendant is subject to personal jurisdiction at the time the action is commenced, if there is no district in which the action may otherwise be brought. 28 U.S.C. § 1391.

■ Pursuant to 28 U.S.C. § 1406(a), the district court of a district in which a case is filed laying venue in the wrong division or district shall dismiss, or if it be in the interests of justice, transfer such a case to any district or division in which it could have been brought. A district court may transfer a case under Section 1406(a) regardless of whether personal jurisdiction exists over the defendants. *Telesis Mergers & Acquisitions, Inc., v. Atlis Federal SVCS, Inc.,* 918 F.Supp. 823 (D.N.J.1996) citing *Goldlawr, Inc. v. Heiman,* 369 U.S. 463, 465–466, 82 S.Ct. 913, 8 L.Ed.2d 39 (1962). As the Supreme Court noted in *Goldlawr,* Section 1406(a) "exists to re-move whatever obstacles may impede an expeditious and orderly adjudication of cases ... on their merits." 399 U.S. at 466, 90 S.Ct. 2054. With the choices being to dismiss this action for lack of personal jurisdiction or transfer this case, the interests of justice dictate that transfer is appropriate pursuant to Section 1406(a).

■ Clearly, venue would be proper in the Southern District of New York where the Defendant has its principal place of business and therefore is also subject to personal jurisdiction. In addition, the contract at issue in this action was formed in New York and a significant number of the events that triggered the dispute occurred there. By the Plaintiffs' own admission, the Southern District of New York is in close proximity to the Commonwealth of Pennsylvania and therefore would not present a burden to the Defendant or Plaintiffs. However, venue is also proper in the California District Court, where the property for which the Defendant was to provide interior design services is located. The Defendant has also made reference to previously conducting business in California. The Court, however, can not determine whether a district court in California has personal jurisdiction over the Defendant from these few facts. Therefore, under the section 1406(a) mandate that a district court can only transfer a case to another district if the other district has personal jurisdiction, this court can not transfer the case to a California District Court.

Having found that this court lacks personal jurisdiction over the defendant in this action and that both jurisdiction and venue do lie in the U.S. District Court for the Southern District of New York, we now transfer this matter to that Court in accordance with 28 U.S.C. § 1406.

An appropriate order follows.

### *ORDER*

AND NOW, this 13th day of July, 2000, upon consideration of Defendant's Motion

to Dismiss Plaintiffs' Complaint and Plaintiffs' Response thereto, it is hereby ORDERED that the Motion is GRANTED in PART and DENIED in PART and this case is hereby TRANSFERRED to the U.S. District Court for the Southern District of New York pursuant to 28 U.S.C. § 1406(a) and for the reasons set forth in the preceding Memorandum Opinion.