## McDonald v. Washington County Hospital Association

C. P. of Franklin County, no. A.D. 1998-475.

*Robin J. Marzella,* for plaintiff.
*Stephanie Carfley,* for defendant Washington Cty. Hospital Ass'n.

HERMAN, *J.,* February 27, 2001—

## INTRODUCTION

Before the court are preliminary objections filed by defendant Washington County Hospital to the complaint

filed by the plaintiff in this action alleging medical malpractice in the death of plaintiff's decedent. The two objections are Pennsylvania's lack of personal jurisdiction over the defendant and the insufficiency of the complaint.[1]

## DISCUSSION

### *Jurisdiction*

Under the due process clause of the Fourteenth Amendment to the United States Constitution, there are two grounds for a state to exercise personal jurisdiction over a nonresident defendant. The first, general jurisdiction, occurs where the defendant maintains continuous and systematic contacts with the forum state. *Burger King Corp. v. Rudzewicz,* 471 U.S. 462, 105 S.Ct. 2174, 85 L.Ed.2d 528 (1985); *Kubik v. Letteri,* 532 Pa. 10, 614 A.2d 1110 (1992). The defendant must have certain minimum contacts with the forum state such that its exercise of jurisdiction will not offend traditional notions of fair play and substantial justice. *International Shoe Co. v. Washington,* 326 U.S. 310, 66 S.Ct. 154, 90 L.Ed.2d 95 (1945); *Insulations Inc. v. Journeymen Welding & Fab,* 700 A.2d 530 (Pa. Super. 1997). Minimum contacts can be found where a defendant's conduct and his connection with the forum state are such that it was reasonable for him to anticipate being called to defend himself there. Random, fortuitous and attenuated contacts are not enough, nor is unilateral activity in the forum by others

---

1. Other objections raised by the hospital have been resolved by counsel.

who claim some relationship with the defendant. Instead the defendant must have purposefully directed his activities to the forum state and its residents and conducted himself in a manner indicating he has availed himself of the privileges and benefits of that forum's laws such that he should be subject to those laws. *World-Wide Volkswagen Corp. v. Woodson,* 444 U.S. 286, 100 S.Ct. 559, 62 L.Ed.2d 490 (1980); *Burger King; Surgical Laser Technologies v. C.R. Bard Inc.,* 921 F. Supp. 281, 285 (E.D. Pa. 1996); *Kubik.*

A second basis for jurisdiction can be found in the specific conduct of the defendant which gave rise to the litigation (specific jurisdiction). *Helicopteros v. Nacionales de Colombia v. Hall,* 466 U.S. 408, 104 S.Ct. 1868, 80 L.Ed.2d 404 (1984). Specific personal jurisdiction has a more narrow scope than general jurisdiction, and focuses on the particular actions of the defendant which gave rise to the underlying cause of action. *Hall-Woolford Tank Co. Inc. v. R.F. Kilns Inc.,* 698 A.2d 80 (Pa. Super. 1997). Specific jurisdiction may arise where the defendant's contacts with the forum state are infrequent but are nevertheless related to the plaintiff's claim.

Pennsylvania's long-arm statute allows Pennsylvania courts to exercise personal jurisdiction over a corporation where it carries on "continuous and systematic part of its general business within this Commonwealth." 42 Pa.C.S. §5301(a)(2)(iii). Under section 5322(b), jurisdiction may be exercised over a nonresident defendant "to the fullest extent allowed under the Constitution of the United States and may be based on the most minimum contacts with this Commonwealth allowed under

the Constitution of the United States." A Pennsylvania court may exercise personal jurisdiction over a nonresident defendant based on the relationship between the defendant, the Commonwealth and the facts underlying the litigation, and also where the defendant has sufficient minimum contacts to satisfy federal due process requirements. In other words, even where jurisdiction cannot be based on a relationship between the defendant, the forum state and the particular conduct or activities underlying the cause of action, Pennsylvania courts may exercise jurisdiction if the defendant's general activities within the Commonwealth are sufficiently "continuous and substantial" under federal constitutional standards. *Remick v. Manfredy*, 52 F. Supp. 452 (E.D. Pa. 1999).

It is well-established that the court must consider preliminary objections, including a challenge to jurisdiction, in the light most favorable to the non-moving party. Once the defendant comes forward with support for its jurisdictional objection, the burden shifts to the plaintiff to show by a preponderance of the evidence there is statutory and constitutional support for the forum state's exercise of jurisdiction. *Snider v. Howard S. Slatkin Inc.*, 105 F. Supp.2d 428 (E.D. Pa. 2000); *Hall-Woolford.* The plaintiff must show prima facie evidence of jurisdiction by establishing with reasonable particularity sufficient contacts between the defendant and the forum state. *Snider; Crompton v. Park Ward Motors Inc.*, 299 Pa. Super. 40, 445 A.2d 137 (1982).

The hospital argues there is no basis for Pennsylvania to exercise general or specific jurisdiction because the complaint contains no facts showing it has continuous

and systematic contacts with the Commonwealth suffi-
cient to establish minimum contacts, specifically, that it
has not purposefully availed itself of the Pennsylvania
market or directed its business activities toward Penn-
sylvania residents. The hospital points to the statements
in the affidavit of Nelson Tillou, Washington County
Hospital director of risk management, dated August 2,
2000, attached as exhibit A to the hospital's preliminary
objections that the hospital (1) is not incorporated in
Pennsylvania, (2) is not qualified as a foreign corpora-
tion under Pennsylvania law, (3) is a Maryland corpora-
tion with its offices and principal place of business in
Maryland, (4) is located in Maryland and (5) all treat-
ment of the plaintiff's decedent by the hospital staff oc-
curred in Maryland. The plaintiff does not dispute these
statements of fact. The hospital argues this court cannot
exercise specific jurisdiction because the complaint does
not aver the cause of action arose from the hospital's
actions in Pennsylvania and the plaintiff failed to plead
the hospital purposefully sought to attract Pennsylvania
consumers to its facility.

The plaintiff orally argued that Pennsylvania has ju-
risdiction over the hospital because of its geographic
proximity to the state border (6 miles, a fact not in the
record) and based on its continuous solicitation of pa-
tients from Pennsylvania by three methods.[2] One is the

---

2. The plaintiff also presented certain information to the court in its
"response to preliminary objections." Such a pleading is not permis-
sible under Pa.R.C.P. 1017(a). An answer to preliminary objections is
permissible but the plaintiff has not filed an answer. Even if the plain-
tiff had filed an answer, same would not have cured the deficiencies in
the record because new matter cannot be pled in an answer to prelimi-
nary objections. Goodrich-Amram 2d §1017(a):14.

hospital's grant of admitting privileges to physicians, including the physicians named as defendants, who are licensed to practice in Pennsylvania and maintain offices in the Commonwealth. The plaintiff argues that the hospital granted the defendant physicians admitting privileges and permitted them to treat the plaintiff's decedent knowing that part of her follow-up care would be provided in Pennsylvania. Granting such privileges to the defendant physicians and other physicians knowingly fosters the routine admission of Pennsylvania residents to the hospital, plaintiff asserts. Plaintiff's counsel represented to the court that the decedent was specifically told by hospital personnel to follow up with her treating physicians who had admitting privileges at the hospital while maintaining their offices and licenses in Pennsylvania. Although the complaint does not aver these physicians have admitting privileges at the hospital, it does aver they have their offices and licenses in the Commonwealth.

Another means by which the hospital regularly solicits patients from Pennsylvania, according to the oral representations of plaintiff's counsel, is its use of Pennsylvania-based ambulance services to bring those patients to its facility. The plaintiff points to the defendant's use of the Greencastle Ambulance Service, an independent company with its principal place of business in Pennsylvania, which delivers Pennsylvania residents to the hospital for treatment on a regular basis, including the plaintiff's decedent, who was transported there on October 19, 1996 when she suffered her initial injury. Lastly, the plaintiff indicated to the court at oral argument that the hospital actively solicits business from the Common-

wealth by advertising its services to Pennsylvania residents. The record does not contain these facts.

It is clear the plaintiff has failed to place on the record sufficient facts supporting this court's jurisdiction over the hospital. The only facts pled in the complaint referring to jurisdiction are that the defendant physicians have their licenses and offices in the Commonwealth and that the decedent returned to the hospital for evaluation and treatment with at least one of those physicians numerous times over the 18-month period before her death. It is equally clear, however, that the plaintiff is entitled to amend the complaint or to supplement the record with these missing facts. "The court shall determine promptly all preliminary objections. If an issue of fact is raised, the court shall consider evidence by depositions or otherwise." Pa.R.C.P. 1028(c)(2). If the record lacks all the facts necessary to resolve an objection to jurisdiction, the court should receive evidence on the issue through interrogatories, depositions or an evidentiary hearing. *Ambrose v. Cross Creek Condominiums,* 412 Pa. Super. 1, 602 A.2d 864 (1992); *Laffey v. Lehigh Valley Daily Co-op,* 257 Pa. Super. 45, 390 A.2d 238 (1978). The parties' failure to provide the evidence necessary for the proper determination of the issue does not excuse the court from further inquiry. The court is obligated to receive such evidence before ruling on the objection. *Holt Hauling and Warehousing Systems Inc. v. Aronow Roofing Co.,* 309 Pa. Super. 158, 454 A.2d 1131 (1983).

According to the hospital, allowing the plaintiff to clarify and supplement the record will still leave the court without sufficient contacts to establish jurisdiction because the hospital's proximity to Pennsylvania and any

advertising it undertakes for patients here are not enough for minimum contacts. The hospital cites *Snider v. Slatkin,* 105 F. Supp.2d 428 (E.D. Pa. 2000) in which the court found neither general or specific personal jurisdiction in Pennsylvania where the only evidence of contacts was the defendant's solicitation through its web site aimed at a national audience rather than Pennsylvania residents in particular. The use of interstate communications facilities such as the telephone, mail or fax is insufficient in itself to establish minimum contacts. Geographic proximity also was found insufficient in itself for jurisdiction. *Id.* The court will sustain the hospital's objection to jurisdiction without prejudice to the plaintiff's right to amend the complaint or supplement the record as to the contacts represented by counsel during oral argument and other similar information. At that point, dismissal of the action may be warranted if the plaintiff is unable to develop additional facts in support of jurisdiction.

## *Insufficiency of Pleading*

The defendants ask the court to strike allegations in the complaint on grounds of insufficient specificity. In paragraphs 136, 147, 150, 153, 156 and 159, the plaintiff sets out the claims of negligence against the defendant physicians. Paragraphs 147, 150, 153, 156 and 159 (specifically their subparagraphs a, b, c, q, r, v, y, aa, bb, cc, ff, hh, ll, mm, and qq) contain allegations against Drs. Stowell, Cirincione, Milford, Amalfitano and Friedman, respectively. Count VIII alleges the hospital is vicariously liable for these physicians' negligence as set out in the above paragraphs and subparagraphs.

Subparagraph (a) of the paragraphs at issue asserts the physicians failed to properly examine, monitor, evaluate

and treat the plaintiff's decedent between October 1996 through February 1998. The remaining subparagraphs allege the physicians failed to provide appropriate and timely treatment to the plaintiff's decedent. The hospital contends these allegations are bald, vague, generic, boilerplate and conclusory and cannot be defended against because they are subject to numerous interpretations. As an alternative to striking these paragraphs and subparagraphs, the defendant requests the plaintiff be required to plead these allegations with greater specificity.

Rule 1019(a) requires that the material facts on which a cause of action or defense is based should be stated in a concise and summary form. *Burnside v. Abbott Laboratories,* 351 Pa. Super. 264, 505 A.2d 973 (1985). A party is not required to plead evidence. *Pike County Hotels Corp. v. Kiefer,* 262 Pa. Super. 126, 396 A.2d 677 (1978). Whether an averment is specific enough to allow a defendant to prepare his defense should be decided based on a review of the pleading as a whole. The court has broad discretion in determining whether the pleading is sufficiently specific in that regard. *Id.*

The complaint consists of 170 paragraphs, many of which contain numerous subparagraphs averring negligence on the part of the defendant physicians and the hospital in connection with the death of plaintiff's decedent. The complaint essentially alleges the decedent, who suffered an arm injury at work, died of complications arising from the defendant physicians' failure to render proper medical treatment to her during the 18 months following the initial injury. When reviewed in its entirety, the complaint sets forth in detail the course of medical care rendered to the decedent during those 18 months.

This course of treatment included hospitalizations, diagnostic procedures, surgeries, and the prescribing and administering of medications. Clearly the paragraphs and subparagraphs at issue are specific enough to enable the hospital to prepare its defense when read in conjunction with all the averments of the complaint. Consequently the hospital's motion to strike those paragraphs will be denied. The alternative motion for a more specific pleading as to those paragraphs will also be denied.

### ORDER

Now February 27, 2001, the preliminary objection filed by the defendant hospital on grounds of lack of personal jurisdiction is sustained without prejudice to the plaintiff's right to amend the complaint and/or supplement the record as indicated in the attached opinion. The defendant hospital's preliminary objection seeking the striking of certain paragraphs set out in this opinion is overruled.