2024 PA Super 24

| | | |
|---|---|---|
| JENNIFER MAZZUCA | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| Appellant | : | |
| | : | |
| | : | |
| v. | : | |
| | : | |
| | : | |
| SOLANGE ANEURI ABREU, ALPHA | : | No. 1264 EDA 2023 |
| DENTAL EXCELLENCE, INC., | : | |
| INFINITY DENTAL MANAGEMENT, | : | |
| LLC, ARPAN N. PATEL, | : | |
| INDIVIDUALLY AND D/B/A ALPHA | : | |
| DENTAL EXCELLENCE, ABC | : | |
| COMPANIES, JOHN DOE A/K/A JANE | : | |
| DOE | | |

Appeal from the Order Entered May 15, 2023
In the Court of Common Pleas of Philadelphia County Civil Division at
No(s):  220901774

BEFORE:   STABILE, J., KUNSELMAN, J., and STEVENS, P.J.E.[*]

OPINION BY STEVENS, P.J.E.:                    **FILED FEBRUARY 12, 2024**

Appellant Jennifer Mazzuca files this appeal from the order of the Court of Common Pleas of Philadelphia County sustaining the preliminary objections filed by Appellees Solange Aneuri Abreu, Alpha Dental Excellence, Inc., Infiniti Dental Management, LLC, Arpan N. Patel, individually and d/b/a Alpha Dental Excellence, Inc. and transferring the case to Bucks County. We vacate the trial court's order and remand for proceedings consistent with this decision.

On September 20, 2022, Appellant initiated a dental malpractice action through the filing of a writ of summons against Appellees in Philadelphia

---

[*] Former Justice specially assigned to the Superior Court.

County. On November 2, 2022, Appellant filed a *pro se* complaint in Philadelphia County, alleging that Appellee Solange Aneuri Abreu ("Dr. Abreu") negligently performed a tooth implant procedure and perforated Appellant's lingual nerve. Complaint, 11/2/22, at ¶ 12.

The parties do not dispute that Dr. Abreu performed the procedure in question at the Alpha Dental Excellence facility in Langhorne which is located in Bucks County. Appellee Arpan N. Patel ("Dr. Patel") operates Alpha Dental Excellence, Inc., which is owned by Infinity Dental Management, LLC.[1] The complaint acknowledged that all Appellees either reside in or have business addresses in Bucks County or Delaware County.

Appellant's complaint listed Dr. Abreu's residential address as a home in Havertown, Delaware County, Pennsylvania, but also alleged that Dr. Abreu "practices dentistry at 5675 N. Front Street, Philadelphia, PA 19120." Complaint, 11/2/22, at ¶ 2. However, the record also contains an affidavit from a process server indicating that it could not locate Dr. Abreu at the North Front Street address. Affidavit, 10/19/22, at 1. The affidavit indicated that the location at 5675 North Front Street was a shopping center with a dental practice, but Dr. Abreu was unknown to the staff. Affidavit, 10/19/22, at 1.

On December 9, 2022, Appellees Dr. Patel, Alpha Dental Excellence, Inc., and Infinity Dental Management, LLC ("Patel Appellees") filed preliminary

---

[1] Appellant also added as defendants ABC Companies, John Doe, and Jane Doe as unknown companies and individuals who either managed, maintained, or were responsible for Dr. Abreu's practice of dentistry.

objections, raising multiple issues including, *inter alia*, a claim of improper venue. Since Appellant's treatment was rendered in Appellees' office in Bucks County, the Patel Appellees argued that Appellant was required to file this suit in Bucks County. The Patel Appellees initially relied on former Pa.R.C.P. 1006(a.1), which stated "[e]xcept as otherwise provided by subsection (c), a medical professional liability action may be brought against a health care provider for a medical professional liability claim only in a county in which the cause of action arose." Pa.R.C.P. 1006(a.1).[2]

On December 27, 2022, Appellant filed a *pro se* amended complaint, which again alleged that Dr. Abreu practiced dentistry at 5675 N. Front Street, Philadelphia. The amended complaint did not contain any response to the Patel Appellees' claim of improper venue or change any averments regarding venue, but instead amended other parts of the complaint.

On January 6, 2023, the Patel Appellees filed preliminary objections to Appellant's amended complaint, including their challenge to improper venue and request for the trial court to transfer the case to Bucks County.

On January 9, 2023, Appellant filed a praecipe to reinstate the complaint. The certified record contains an accompanying docket entry indicating that the amended complaint was reinstated.

_____

[2] As discussed *infra*, Rule 1006(a) was amended effective January 1, 2023 to eliminate the venue exception for medical malpractice actions in subsection 1006(a.1).

On January 19, 2023, Appellant filed a response to the Patel Appellees' preliminary objections, first asserting that she was not required to bring this suit in the county where the cause of action arose pursuant to Pa.R.C.P. 1006(a.1), as this venue exception only applied to a "medical professional liability action" against a "health care provider," which did not include claims of dental malpractice.

Instead, Appellant asserted that venue was proper in Philadelphia County as Appellant alleged that she had recently served Dr. Abreu at 8355 Loretta Avenue, Philadelphia,[3] which Appellant claimed was Dr. Abreu's "Philadelphia address." Appellant attached a printout of a Google search list which contains multiple addresses for Dr. Solange Abreu including one at 5675 N. Front Street, Unit #50, Philadelphia. In her accompanying memorandum, Appellant admitted that in order for the trial court to make a judicial determination as to Appellant's business address, it may be necessary to take depositions as "insufficient facts exist at this time." Appellant Memorandum, 1/19/23, at 11.

On January 27, 2023, Appellee Dr. Abreu filed preliminary objections to Appellant's amended complaint, arguing that Philadelphia County was an improper venue for this action as Dr. Abreu disputed Appellant's claim that she practiced dentistry in Philadelphia. Dr. Abreu submitted a signed and sworn affidavit indicating that she had "at no point in time performed

_____

[3] Throughout the litigation, the parties refer to this location's address as "Loretto Avenue," "Loretta Avenue," or "Loretto Street."

dental/medical treatment or otherwise operated a dental/medical [sic] at 5675 N. Front Street, Unit 50, Philadelphia, PA, 19120, 8355 Loretta [sic] Avenue, Philadelphia 19152, or any other location in the city of Philadelphia." Abreu Prelim. Obj, 1/27/23 (Exhibit C, affidavit dated 1/26/23).

Dr. Abreu also averred in her preliminary objections that "neither Ms. Abreu nor any [Appellee] has any connection to Philadelphia, nor may they be properly served at any location within Philadelphia." Abreu Prelim. Obj., 1/27/23, at ¶ 21. Dr. Abreu did not raise any claim of improper service in her preliminary objections.

On January 30, 2023, Appellant filed a *pro se* response to Dr. Abreu's preliminary objections claiming he had recently served Dr. Abreu at a dental office located at 8355 Loretto Avenue, Philadelphia, where Appellant alleged that Dr. Abreu regularly conducts business. Appellant submitted an affidavit of service which stated that on January 14, 2022, a process server effectuated service on a receptionist named "Emilliana" at 11:16 a.m. at a dental business located at "8355 Loretto Street" in Philadelphia. The process server indicated that Emilliana accepted service on behalf of Dr. Abreu, who Emilliana claimed was busy with patients. Affidavit, 1/30/23, at 1.

On February 14, 2023, Appellant filed another *pro se* response to Dr. Abreu's preliminary objections, claiming Dr. Abreu "blatantly misrepresented her employment" and had "perjured herself in her Affidavit" as Dr. Abreu is "employed at Lorreta [sic] Multi-Specialty Dental Center" in Philadelphia on Saturdays." Appellant attached her affidavit of service to this response as well.

On February 23, 2023, the trial court issued a rule upon Appellant to show cause as to why Appellees were not entitled to the relief they requested in their preliminary objections. The trial court scheduled a hearing for April 27, 2023 and indicated that the "petition shall be decided under Pa.R.C.P. 206.7." Order, 2/23/23. The trial court emphasized that "all briefs, supplemental briefs, and/or supplemental discovery shall be filed on or before April 21, 2023." Order, 2/23/23.

On April 20, 2023, Lawrence Solomon, Esq. filed a written entry of appearance on behalf of Appellant. At the April 27, 2023 hearing, the trial court initially disputed Atty. Solomon's ability to enter a limited appearance on Appellant's behalf but allowed him to proceed as Appellant's counsel.

At the hearing, the trial court found there were no contested issues of fact regarding venue and determined that the only properly pled averment of fact was Dr. Abreu's affidavit indicating that she did not practice dentistry in Philadelphia. On April 27, 2023, the trial court filed two separate orders indicating that after considering Appellees' preliminary objections to Appellant's amended complaint that the

> case [was] transferred to Bucks County and [Appellant's] complaint on its face does not assert venue in Philadelphia County. The averments of fact are improperly presented such that this Court may find any genuine issue of disputed fact. The preliminary objections remain uncontradicted that Dr. Abreu does not practice dentistry at listed address in Complaint and does not reside in Philadelphia County.

Order, 4/27/23, at 1.

- 6 -

On May 4, 2023, Appellant filed a motion for reconsideration of the trial court's April 27, 2023 orders. On May 8, 2023, the trial court entered an order indicating that "the court's order dated April 27, 2023 transferring the above matter to Bucks County, is denied." On May 15, 2023, the trial court entered an order vacating its May 8, 2023 order and reinstating its original order filed on April 27, 2023. The trial court indicated that Appellant's motion for reconsideration was "improperly filed by an attorney whose entry of appearance was improper under [Pa.R.C.P.] 1021." Order, 5/15/23, at 1.

Appellant filed a timely notice of appeal and raised the following issues for our review on appeal:

I.    Should the lower court have allowed Lawrence Solomon to represent [Appellant] and did it err in refusing to consider [Appellant's] Motion for Reconsideration?

II.   Should [Appellant's] preliminary objections as to venue have been dismissed even though Abreu worked in Philadelphia, which conferred venue in Philadelphia under Rule 302(a)(1), Pa.R.C.P.[?][4]

III.  Should [Appellant's] preliminary objections as to venue been dismissed [sic] even though Abreu was served with a copy of [Appellant's] complaint in Philadelphia[?]

IV.   Should Abreu's preliminary objections been dismissed [sic] under Rule 206.7(c)?

_____

[4] While Appellant's statement of questions cites Pa.R.C.P. 302, Appellant has consistently argued that venue was proper as a result of her service of Dr. Abreu in Philadelphia County, which is governed by Pa.R.C.P. 402.

- 7 -

Appellant's Brief, at 6 (suggested answers omitted).[5]

Before we reach the merits of this case, we must address the trial court's suggestion that this appeal be quashed. After this appeal was filed, on June 14, 2023, the trial court judge, the Honorable Linda Carpenter, sent a letter asking this Court to quash the appeal, alleging that Appellant's counsel, Atty. Solomon "filed an improper limited entry of appearance on April 20, 2023 and has never properly entered his appearance on the docket, pursuant to Pa.R.C.P. 1012." Letter, 6/14/23, at 1. As such, Judge Carpenter reasoned that any issues raised in the appeal have been waived.

Atty. Solomon filed a response to the trial court's letter, claiming that he properly entered his appearance on the docket pursuant to Rule 1012 and noting that the trial court permitted him to proceed as Appellant's counsel during the April 27, 2023 hearing.

Rule 1012 provides in pertinent part that a party may enter a written appearance which shall state the address at which pleadings and other legal papers may be served along with a telephone number. Pa.R.C.P. 1012(a).

_____

[5] While Appellant filed her notice of appeal from the trial court's May 15, 2023 order reinstating its April 27, 2023 order transferring venue based on the Patel Appellants' preliminary objections, we also review the trial court's separate order transferring venue based on Dr. Abreu's preliminary objections. "[I]n the circumstance where each of the defendants in a single action is dismissed prior to trial, an appeal from the order dismissing the remaining claim or party is sufficient to bring for review the earlier issued orders." *Fulano v. Fanjul Corp.*, 236 A.3d 1, 8 (Pa.Super. 2020) (citation omitted).

Rule 1012 states that "such appearance shall not constitute a waiver of the right to raise any defense including questions of jurisdiction or venue." *Id*.

Although Rule 1012 provides that an attorney "may" enter a written appearance, it does not require an attorney to do so. The comment to Rule 1012 states that "[e]ntry of a written appearance is not mandatory." *Id*. *See also Fleck v. McHugh*, 361 A.2d 410, 413 (Pa.Super. 1976) (holding entry of written appearance not required if pleadings provide sufficient information notifying parties where legal papers may be served).

Our review of the record shows that Atty Solomon filed a written entry of appearance "for the sole purpose of representing [Appellant] at the Rule to Show Cause hearing scheduled for April 27, 2023." Entry of Appearance, 4/20/23, at 1. The entry of appearance listed Attorney Solomon's mailing address and telephone number.

At the April 27, 2023 hearing, the trial court disputed Atty. Solomon's suggestion that he could represent Appellant solely for the hearing and emphasized that Attorney Solomon would not be permitted to withdraw from the case without permission from the court. As such, the trial court specifically told Atty. Solomon, "[y]ou represent [Appellant] and you need my permission to no longer represent her." N.T. at 5. The trial court stated on the record that Attorney Solomon had entered his appearance and allowed Atty. Solomon to present argument at the hearing. N.T. at 7. Accordingly, we decline to quash the appeal or find any of Appellant's issues to be waived.

Appellant's issues on appeal challenge the trial court's decision to sustain Appellees' preliminary objections as to venue and transfer the case to Bucks County. It is well established that:

> [t]he trial court "is vested with discretion in determining whether to grant a preliminary objection to transfer venue, and we shall not overturn a decision to grant or deny absent an abuse of discretion." **Searles v. Estrada**, 856 A.2d 85, 88 (Pa.Super. 2004), *appeal denied,* 582 Pa. 701, 871 A.2d 192 (2005). **See also Silver v. Thompson**, 26 A.3d 514, 516 (Pa.Super. 2011). An abuse of discretion occurs when "there was an error of law or the judgment was manifestly unreasonable or the result of partiality, prejudice, bias or ill will." **Id.**

**Scarlett v. Mason**, 89 A.3d 1290, 1292 (Pa.Super. 2014).

Our rules of civil procedure require a defendant to raise any challenge to the plaintiff's choice of venue through preliminary objections. Pa.R.C.P. 1028(a)(1). The plaintiff generally gets to choose the forum "so long as the requirements of personal and subject matter jurisdiction are satisfied. … A party seeking a venue transfer therefore "bears the burden of proving that a change of venue is necessary[.]" **Hangey v. Husqvarna Pro. Prod., Inc.**, 304 A.3d 1120, 1142 (Pa. 2023) (quoting **Purcell v. Bryn Mawr Hosp**., 579 A.2d 1282, 1284 (Pa. 1980)).

By way of background, we consider the following principles before commencing our review of the issues at hand:

> [b]efore examining the procedure for resolving preliminary objections to venue, it is important to review the distinction between jurisdiction and venue. As our Supreme Court has explained:
>
> > Subject matter jurisdiction relates to the competency of a court to hear and decide the type of controversy presented.

> *McGinley v. Scott*, 401 Pa. 310, 164 A.2d 424 (1960). Jurisdiction is a matter of substantive law. *Id.* at 428; 42 Pa.C.S. § 931(a) (defining the unlimited original jurisdiction of the courts of common pleas).
>
> Venue relates to the right of a party to have the controversy brought and heard in a particular judicial district. *McGinley*, 164 A.2d at 427–28. Venue is predominately a procedural matter, generally prescribed by rules of this Court. *Id.* at 429; 42 Pa.C.S. § 931(c). Venue assumes the existence of jurisdiction. 42 Pa.C.S. § 931(b) (referencing rules for change of venue in cases within the jurisdiction of courts of common pleas); Pa.R.Crim.P. 584 (relating to the procedure for a change of venue amongst courts of common pleas for the trial of criminal actions).
>
> Subject matter jurisdiction and venue are distinct. However, since jurisdiction references the power of a court to entertain and adjudicate a matter while venue pertains to the locality most convenient to the proper disposition of a matter, venue can only be proper where jurisdiction already exists. 92A C.J.S., Venue § 2. The terms are often used interchangeably because they must exist simultaneously in order for a court to properly exercise its power to resolve a particular controversy.

*Commonwealth v. Bethea*, 574 Pa. 100, 113–14, 828 A.2d 1066, 1074–75 (2003), *cert. denied,* *Bethea v. Pennsylvania*, 540 U.S. 1118, 124 S.Ct. 1065, 157 L.Ed.2d 911 (2004).

However, as our Supreme Court has also explained, "for procedural purposes, objections to venue are treated as raising a question of jurisdiction." *County Constr.* [*Co. v. Livengood Const. Co.*]*,* 393 Pa. [39,] 45, 142 A.2d [9,] 13 [(1958)]. *See also Gaetano v. Sharon Herald Co.,* 426 Pa. 179, 231 A.2d 753 (1967) (same). Thus, as explained in *Schmitt v. Seaspray–Sharkline, Inc.,* 366 Pa.Super. 528, 531 A.2d 801 (1987), where the defendant contested jurisdiction by filing preliminary objections:

> [t]he moving party has the burden of *supporting* its objections to the court's jurisdiction. Once the plaintiff has produced some evidence to support jurisdiction, the defendant must come forward with some evidence of his own to dispel or rebut the plaintiff's evidence. The moving party may not sit back and, by the bare allegations as set

forth in the preliminary objections, place the burden upon the plaintiff to negate those allegations. It is only when the moving party properly raises the jurisdictional issue that the burden of proving jurisdiction is upon the party asserting it. If an issue of fact is raised, the court shall take evidence by deposition or otherwise. The court may not reach a determination based upon its view of the controverted facts, but must resolve the dispute by receiving evidence thereon through interrogatories, depositions, or an evidentiary hearing. Where an essential factual issue arises from the pleadings as to the scope of a defendant's activities within the Commonwealth, the plaintiff has the right to depose defendant as to his activities within the Commonwealth, and the court must permit the taking of the deposition before ruling on the preliminary objections. Where neither party presents evidence by which the court can properly resolve the issue, it is appropriate to remand with directions that an order be entered allowing the parties a reasonable period of time in which to present evidence by deposition, interrogatories or otherwise.

531 A.2d at 803–04 (internal citations omitted, emphasis in the original). *See also American Hous. Trust, III v. Jones*, 548 Pa. 311, 696 A.2d 1181 (1997) (citing *Schmitt* favorably); *Liggitt v. Liggitt*, 253 Pa.Super. 126, 384 A.2d 1261, 1263–64 (1978) (explaining that "[p]reliminary objections are pleadings [and] [i]n raising questions of jurisdiction and venue, the defendant is the moving party and bears the burden of supporting his claim of lack of jurisdiction and venue.").

*Deyarmin v. Consol. Rail Corp.*, 931 A.2d 1, 8–9 (Pa.Super. 2007).

In this case, Appellant concedes that her medical treatment took place in Bucks County and all plaintiffs reside or conduct business in Delaware County or Bucks County. Appellant's sole contention to establish venue in this

case is her allegation that she served Dr. Abreu at a dental office in Philadelphia County, where she alleges that Dr. Abreu practices dentistry.[6]

Venue in actions against individuals are governed by Pa.R.C.P. 1006(a), which provides that:

> an action against an individual may be brought in and only in a county where:
>
> (1) the individual may be served;
>
> (2) the cause of action arose;
>
> (3) a transaction or occurrence took place out of which the cause of action arose;
>
> (4) venue is authorized by law; or
>
> (5) the property or part of the property, which is the subject of the action, is located provided that equitable relief is sought with respect to the property.

Pa.R.C.P. 1006. Pa.R.C.P. 402 sets forth various avenues for serving an individual original process, including "at any office or usual place of business

---

[6] If Appellant was able to properly effectuate service of process on Dr. Abreu in Philadelphia County, then venue would also be proper as to the other defendants. Pa.R.C.P. 1006(c) provides that:

> [a]n action to enforce a joint or joint and several liability against two or more defendants, except actions in which the Commonwealth is a party defendant, may be brought against all defendants in any county in which the venue may be laid against any one of the defendants under the general rules of Subdivisions (a) or (b).

Pa.R.C.P. 1006(c).

of the defendant to his agent or the person for the time being in charge thereof." Pa.R.C.P. 402(a)(2)(iii).[7]

The trial court explained its rationale for sustaining Appellees' preliminary objections as to venue and transferring the case to Bucks County as follows:

> Following a review of the pleadings in front of the Court, this Court determined that the averments of the Defendants' pleadings would be accepted as true, that there were no credible contested facts regarding venue, that the corporate Defendants did not regularly conduct business in Philadelphia, and that this matter properly belonged in Bucks County where the health care services were rendered. The credible averments of the pleadings were that no Defendant provided health care services in Philadelphia and did not regularly conduct business in Philadelphia. This Court rejected that the January 14, 2023 Affidavit of service on Dr. Abreu, filed *after* the venue objections were lodged, established proper venue in this case. The Affidavit was purportedly confirming service on Dr. Abreu to some unnamed "dental office" to a "receptionist" not shown to be "in charge" of the dental office, nor to be the agent of Dr. Abreu, nor at a practice where Dr. Abreu regularly practices. Dr. Abreu further denied doing business in Philadelphia. Other than the deficient Affidavit of service filed to the docket, Plaintiff did not attach any deposition or discovery to support that the person served was an agent of Dr. Abreu.

---

[7] While Appellees initially argued in their preliminary objections that Pa.R.A.P. 1006(a.1) required Appellant to bring this malpractice action in Bucks County, we clarify that Rule 1006(a.1) does not govern this case.

As noted above, Rule 1006(a) was amended effective January 1, 2023 to eliminate subsection 1006(a.1) which had limited the venue for a "medical professional liability action" to the "county in which the cause of action arose." We note that Appellant's venue claim is based on her allegation that she effectuated service pursuant to Rule 1006(a) on Dr. Abreu in Philadelphia County on January 14, 2023, which was after the venue exception in Rule 1006(a.1) had been eliminated.

Thus, because the venue exception in Rule 1006(a.1) was eliminated, we need not decide whether this exception would have applied to Dr. Abreu as a practicing dentist.

Trial Court Opinion (T.C.O.), at 4.

Appellant asserted that her choice of venue in Philadelphia County was proper as Appellant served Dr. Abreu at a Philadelphia dental office where she allegedly practiced dentistry and conducted business.

Nevertheless, the trial court does not initially focus on Appellant's argument that venue was proper through service of Dr. Abreu in Philadelphia. Instead, the trial court bases its conclusion on its determination that Appellee had shown that "no Defendant provided health care services in Philadelphia and did not regularly conduct business in Philadelphia." T.C.O. at 4. The trial court repeatedly emphasized that the only "credible averment of fact" was the signed and sworn affidavit Dr. Abreu submitted with her preliminary objections asserting that she had "at no point in time performed dental/medical treatment or otherwise operated a dental/medical [sic] at 5675 N. Front Street, Unit 50, Philadelphia, PA, 19120, 8355 Loretta [sic] Avenue, Philadelphia 19152, or any other location in the city of Philadelphia." Abreu Prelim. Obj, 1/27/23 (Exhibit C, affidavit 1/26/23).

We first emphasize that it was not Appellant's burden as plaintiff to show her choice of venue was appropriate or to disprove the allegation in Appellees' preliminary objections that Dr. Abreu did not practice dentistry in Philadelphia. *Deyarmin*, *supra*. Yet the trial court faulted Appellant for not proving that

Philadelphia County was an appropriate venue.[8] The trial court was only required to evaluate whether Appellant produced some evidence to support her choice of venue through service of Dr. Abreu. Appellees, as the parties seeking the venue transfer, had the burden of proving that a change of venue was necessary. **Hangey**, **supra**.

We also note that the trial court ignored the subsequent admissions Dr. Abreu's counsel made at the April 27, 2023 hearing in contradiction of Dr. Abreu's affidavit, conceding Dr. Abreu *did* practice dentistry in Philadelphia. At the April 27, 2023 hearing, the following exchange occurred:

> [Counsel for Patel Appellees:] Your Honor, on behalf of the corporate entities Alpha Dental Excellence, I'm here today. And it's our understanding that counsel for co-defendant, Dr. Abreu was going to withdraw preliminary objections on this issue of proper venue. It's our position that if they withdrew, we will also withdraw on that.
>
> [Trial Court:] Is Dr. Abreu practicing in Philadelphia?
>
> [Counsel for Dr. Abreu:] Your Honor, … I spoke with her yesterday, and what she told me was that she does not regularly practice in Philadelphia. She apparently does one day a month to a practice in Philadelphia County. And that's what she told me yesterday.

---

[8] In its order scheduling the April 27, 2023 hearing, the trial court issued a rule upon Appellant to show why Appellees were not entitled to the relief they requested and indicated the preliminary objections would be decided under Pa.R.C.P. 206.7. However, petitions to transfer venue are not considered petitions governed by the procedures set forth in Pa.R.C.P. 206.1, *et seq*. in Philadelphia County as the local rules in Philadelphia County do not designate them as such. **Smith v. CMS W., Inc.**, 305 A.3d 593, 600 (Pa.Super. 2023).

And so, I'm being candid with the Court, whether or not that qualifies as regularly doing business in Philadelphia, that's up to your Honor.

***

She essentially practices at a number of different practices, Your Honor. She's more or less what would be referred to as per diem, and she goes one day a month to a practice in Philadelphia and does whatever they ask her to do. I don't believe that she's a partner in any of the entities in which she provides dentistry, but she simply does it one day a month. The rest of her practice is outside Philadelphia.

N.T. at 8-9.

This Court has recognized that a statement of fact by a party's counsel

may be deemed an admission of fact:

Statements of fact by one party in pleadings, stipulations, testimony, and the like, made for that party's benefit, are termed judicial admissions and are binding on the party. ***Nasim v. Shamrock Welding Supply Co.***, 387 Pa.Super. 225, 563 A.2d 1266, 1267 (1989) ("***It is well established that a judicial admission is an express waiver made in court or preparatory to trial by a party or his attorney, conceding for the purposes of trial, the truth of the admission.***"). Judicial admissions are deemed true and cannot be contradicted by the admitting party. If there is some support in the record for the truth of an averment, the trial court abuses its discretion if it disregards the admission. ***Such averments are binding on a party whether admitted by counsel or the client.*** Such admissions are considered conclusive in the cause of action in which they are made—and any appeals thereof, ...—and the opposing party need not offer further evidence to prove the fact admitted.

For an averment to qualify as a judicial admission, it must be a clear and unequivocal admission of fact. Judicial admissions are limited in scope to factual matters otherwise requiring evidentiary proof, and are exclusive of legal theories and conclusions of law. The fact must have been unequivocally admitted and not be merely one

- 17 -

> interpretation of the statement that is purported to be a judicial admission.
>
> [**John B. Conomos, Inc. v. Sun Co.**, 831 A.2d 696, 712-13 (Pa. Super. 2003), **appeal denied**, 577 Pa. 697, 845 A.2d 818 (Pa. 2004)] (most citations omitted); **accord Tops Apparel Mfg. Co. v. Rothman**, 430 Pa. 583, 244 A.2d 436, 438 n.8 (1968) ("Pennsylvania has followed this rule since **Wills v. Kane**, 2 Grant 60, 63 (Pa. 1853), where it was insisted: 'When a man alleges a fact in a court of justice, for his advantage, he shall not be allowed to contradict it afterwards. It is against good morals to permit such double dealing in the administration of justice'").

**Del Ciotto v. Pennsylvania Hosp. of the Univ. of Penn Health Sys.**, 177 A.3d 335, 354 (Pa.Super. 2017) (emphasis added).

As such, we disagree with the trial court's finding that "the credible averments of the pleadings were that no Defendant provided health care services in Philadelphia," as Dr. Abreu made a binding admission through her counsel that she did practice dentistry in Philadelphia.

Further, we also question the trial court's finding that there were no issues of disputed fact as to venue when the trial court refused to consider Appellant's affidavit asserting she served Dr. Abreu at the dental office located at 8355 Loretto Avenue in Philadelphia. The trial court *sua sponte* found Appellant's affidavit of service was untimely and defective as it did not state the name of the dental practice, claim the individual served was Dr. Abreu's agent or the person in charge, or allege Dr. Abreu regularly practiced there.

However, Appellees never disputed that Appellant attempted to serve Dr. Abreu at that location, nor claimed the return of service was defective or untimely, nor asserted the person served could not accept service on Appellant's behalf. It was not appropriate for the trial court to assert a defense

- 18 -

on behalf of Appellees or to act as their advocate. **See Wojciechowski v. Murray**, 497 A.2d 1342, 1344 (Pa.Super. 1985) (admonishing the trial court for "raising a defense on behalf of the appellee[] and, in essence, acting as its advocate[, which] is not the function of a jurist").[9]

The only objection that Appellees had with the purported service of Dr. Abreu was that it was not appropriate to serve Dr. Abreu at the Loretto Avenue location as Dr. Abreu's counsel contended at the April 27, 2023 hearing that Dr. Abreu only worked in that office once a month. Our review of the record shows that there is still an issue of disputed fact on whether Appellant served Dr. Abreu at her "office or usual place of business" pursuant to Pa.R.C.P. 402(a)(2)(iii).[10]

---

[9] To the extent that the trial court suggests that Appellant's affidavit of service on Dr. Abreu was somehow untimely because it was filed after Appellees filed their preliminary objections, we disagree. Our courts have "permitted a plaintiff …to commence an action and keep it alive until he suddenly serves the defendant. But this, of course, has always been protected from abuse by the doctrine of non-pros for unreasonable delay in prosecution." **Salay v. Braun**, 235 A.2d 368, 371–72 (Pa. 1967). In **Salay**, the Supreme Court held that, even after the defendants filed preliminary objections to venue for an action brought in Allegheny County involving an automobile accident that occurred in Washington County, it was proper for the plaintiff to cause the writ of summons to be reissued and establish venue by serving the defendant at her recently acquired residence in Allegheny County. **Id**. at 372.

[10] While not specifically discussed by the trial court, our courts have held that service of an individual at his or her office or usual place of business is only appropriate when the person to be served has "more proprietary responsibility and control over the business than that possessed by the average employee." **Martin v. Gerner**, 481 A.2d 903, 908 (Pa.Super. 1984).

Based on our review of the record, additional venue-related discovery was required on this issue of disputed fact to allow the trial court to properly rule on Appellees' preliminary objections as to venue.

> As this Court explained in **Hamre v. Resnick**, 337 Pa.Super. 119, 486 A.2d 510 (1984), a trial court may appropriately resolve preliminary objections to venue (or jurisdiction) without discovery in cases where "no factual issues were raised which necessitated the reception of evidence." **Id**. at 511. **See also Alumbaugh v. Wallace Bus. Forms, Inc.**, 226 Pa.Super. 511, 313 A.2d 281 (1973) (affirming dismissal of preliminary objection to jurisdiction where defendants offered no evidence in support of their objection). On the other hand,
>
> > [i]f an issue of fact is raised by preliminary objections ... the [trial] court may not reach a determination based upon its view of the controverted facts, but must resolve the dispute by receiving evidence thereon through interrogatories, depositions or an evidentiary hearing.... **The failure of the parties to provide the evidence necessary for a proper determination of the issue does not excuse the court from further inquiry.**
>
> **Holt Hauling and Warehouse Sys., Inc. v. Aronow Roofing Co.**, 309 Pa.Super. 158, 454 A.2d 1131, 1133 (1983).

**Deyarmin**, 931 A.2d at 14 (emphasis added). "Where neither party presents evidence by which the court can properly resolve [an issue of fact in preliminary objections], it is appropriate to remand with directions that an order be entered allowing the parties a reasonable period of time in which to present evidence by deposition, interrogatories or otherwise." **Id**. at 8-9.

In sum, Appellant's affidavit that she served Dr. Abreu in Philadelphia County provides support for her choice of venue, Appellees, as the moving parties, have the burden of proving that a change of venue is necessary. As the trial court erred in determining there were no contested issues of fact

- 20 -

regarding venue, we vacate the trial court's order sustaining Appellees' preliminary objections as to venue. We remand for the trial court to allow the parties to present evidence as to whether venue is proper in Philadelphia County based on Appellant's claim that she served Dr. Abreu at her "office or usual place of business" pursuant to Pa.R.C.P. 402(a)(2)(iii).

Orders vacated. Remand for proceedings consistent with this decision. Jurisdiction relinquished.

Judgment Entered.

_Benjamin D. Kohler_

Benjamin D. Kohler, Esq.
Prothonotary

Date: 2/12/2024