J-A28025-25

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT O.P. 65.37**

| | | |
|---|---|---|
| DANIELLE M. GROSS | : | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| MALVIN R. GROSS | : | |
| | : | |
| Appellant | : | No. 638 MDA 2025 |

Appeal from the Order Entered April 29, 2025
In the Court of Common Pleas of Lycoming County Civil Division at
No(s): FC-2015-20936-CU

BEFORE: KUNSELMAN, J., McLAUGHLIN, J., and LANE, J.

MEMORANDUM BY McLAUGHLIN, J.:     **FILED: FEBRUARY 18, 2026**

Malvin R. Gross ("Father") appeals from the order modifying a custody order. He argues, among other things, that Mother's attorney did not enter her appearance and that the court erred regarding subpoenas he issued to court personnel. We affirm.

In September 2024, Danielle Gross ("Mother") filed a petition to modify an April 2021 custody order. The docket does not contain a praecipe for entry of appearance for mother's counsel ("Mother's Counsel"). However, earlier in the proceedings, in December 2015, Mother's Counsel filed a petition to modify custody on behalf of Mother. The filing included an address at which legal papers could be served and a telephone number to contact Mother's Counsel.

In 2024, Father issued subpoenas to elicit testimony from District Court Administrator Adrianne Stahl and Lycoming County Prothonotary Thomas

Heap. Stahl filed a motion to quash the subpoena issued to her. The court quashed the subpoenas and/or released the individuals.

The court held a hearing on the petition to modify. The trial court granted the petition to modify custody. Father filed a notice of appeal. Father raised the following issues in his Rule 1925(b) statement:

> 1. These 1925(b) statements [sic] focus on Case:FC-15-209,36 and its subsequent hearings.
>
> 2. Judge Tira abused his discretion by continuing to allow [Mother's Counsel] . . . to represent [Mother] when it was shown by [Father] via Docket Entry sheet that [Mother's Counsel] has never entered her Pr[ae]cipe for ENTRY OF APPERANCE on file with Case FC-15-209,36 in over 9 years.
>
> 3. Judge Tira abused his discretion by blocking subpoenas issued from [Father] for to [sic] District Court Administrator Adrianne Stahl, Prothonotary Thomas Heaps, and [Mother's Counsel].
>
> 4. Judge Tira abused his discretion of allowing testimony for [Father's] strategy and abuse of office to protect individuals subpoenaed.
>
> 5. Judge Tira Failed to enforce Pr[ae]cipe for entry of appearance of [Mother's Counsel].
>
> 6. To date Judge Tira is requesting a hearing for IFP as [Father] is requesting a copy of transcripts.
>
> 7. To Clarify this case is not Children's fast track as deemed. THIS IS A [sic] ABUSE OF DISCRESSION BY COURT AND FAILURE TO ADDRESS THE ENTRY OF APPERANCE OF ATTORNEY.

Statement of Errors Complained of on Appeal, filed June 11, 2025.

In his appellate brief, Father raises the following issues:

> 1. Are Judge Tira's comments made in his 1925 Opinion and order biased and omitting factual events of this case?

2. Did the lower court make findings which were not supported by the facts and/or the law?

3. Did Judge Tira omit orders to the [S]uperior [C]ourt that were not addressed during the hearing on April 23rd, 2025?

4. Did the Judge act in "Appellate Capacity," and does the Law of the Case Doctrine preclude review in this situation? Referenced cases: *Jones v. Rivera*, 866 A.2d 1148, 1150 (Pa.Super.2005) (citing *Durante v. Pennsylvania State Police*, 809 A.2d 369, 371 (Pa.2002)).

5. In his opinion is Judge Tira referring that [Mother's Counsel] was appointed to represent [Mother] by handwritten responses on Lycoming County Motion Docket Sheet with [Mother's Counsel's] name?

6. Should this court Quash this order and issue a protective order in favor of (Petitioner) and (Children) by actions of court officials and (Respondent's) attorneys' actions?

7. Has the trial court (Common Pleas) punished Father for exercising his due process rights by filing this appeal and demonstrated personal bias or the appearance thereof, where, in its Opinion, it has wrongfully, for reasons not related to the Order appealed, mocked Father, blatantly mischaracterized his demeanor and the history of this case, without citation to the record?

8. Has the trial court lacked jurisdiction to grant relief for when Judge Tira failed to comply with Pa. Rule of Civil Procedure 1915.5(a), which requires the court to provide a transcript copy on appeal. To Clarify (Petitioner) has been denied transcript from its original filing April 28th, 2025 with Judge Tira claiming a hearing is necessary for IFP-In Forma P[a]uperus status.

Father's Br. at 3-5 (suggested answers omitted).

Although he lists eight issues, Father argues only two issues in the argument section of his brief that were also raised in his Rule 1925(a) statement—issues related to the entry of appearance of Mother's Counsel and

challenging the subpoenas issued to Stahl and Heap.[1] To the extent he attempts to raise additional issues in his appellate brief, such issues are waived for failure to raise them in the Rule 1925(b) statement. *See* Pa.R.A.P. 1925(b)(4)(vii) ("Issues not included in the Statement and/or not raised in accordance with the provisions of this paragraph (b)(4) are waived").

We will first address the entry of appearance of Mother's Counsel. Father claims the court needed to provide a time-stamped praecipe for entry of appearance for Mother's Counsel. Father alleges that in an order granting a continuance, the court stated Mother's Counsel entered an appearance when she filed a December 1, 2025 petition to modify, but in the Rule 1925(a) opinion, stated it was the December 8, 2015 petition to modify. Father also "[r]equests clarification why [a] self-represented party has to enter their

_____

[1] Father also challenged his IFP status in his Rule 1925(b) statement and in his statement of issues in his appellate brief. He, however, did not present argument on the issue in his brief and therefore waived it on appeal. *See* Pa.R.A.P. 2119(b)-(c) (requiring citation to legal authority and reference to the record in appellate briefs); *Commonwealth v. Hunzer*, 868 A.2d 498, 516 (Pa.Super. 2005) (holding an appellant waives a claim where he failed to cite any legal authority in support of an argument in his appellate brief). Further, any appeal of his IFP status would be premature, as no ruling had been issued at the time of appeal. Father filed a motion to proceed without payment of fees and costs. The court scheduled an evidentiary hearing on the motion for June 6, 2025. The hearing was continued to June 17, 2025, and then until August 19, 2025. The certified record does not contain information from the evidentiary hearing or an order granting or denying the motion, as the record was transmitted to this Court prior to entry of any orders, as was required for the appeal to proceed.

Similarly, although Father mentioned that he also subpoenaed Mother's Counsel, he does not make any argument in his appellate brief regarding the court's treatment of this subpoena.

appearance if Judge Tira['s] comments indicate a lawyer is not required to do the same." Father's Br. at 12.

First, this issue was not listed in Father's brief in the statement of questions involved. **See** Pa.R.A.P. 2116(a) ("No question will be considered unless it is stated in the statement of questions involved or is fairly suggested thereby"). We do not find waiver, however, because he did raise it in his Rule 1925(b) statement and the argument section of his brief, and in this instance our review is not materially hindered. We will therefore address it.

Rule of Civil Procedure 1012(a) provides that a "party may enter a written appearance which shall state the address at which pleadings and other legal papers may be served along with a telephone number." Pa.R.Civ.P. 1012(a). This Court has pointed out that the Rule states the attorney "'may' enter a written appearance, [and] it does not require an attorney to do so." **Mazzuca v. Abreu**, 310 A.3d 775, 783 (Pa.Super. 2024). Furthermore, a "comment to Rule 1012 state[s] that '[e]ntry of a written appearance is not mandatory.'" **Id.** (quoting Pa.R.Civ.P. 1012(a), Note); **see also Fleck v. McHugh**, 361 A.2d 410, 413 (Pa.Super. 1976) (holding entry of written appearance not required if pleadings provide sufficient information notifying parties where legal papers may be served).

The trial court found that Mother's Counsel filed Mother's petition to modify custody in December 2015 and that she included in that filing her address at which legal papers may be served and her telephone number. Trial

Ct. Op., filed June 20, 2025, at 4. The court therefore found Mother's counsel did not need to file a separate entry of appearance. *Id.*

We conclude the court did not err. Mother's counsel was not required to file an entry of appearance. Moreover, in December 2015, when she filed Mother's petition to modify custody, she gave sufficient notice of her representation of Mother and her address and telephone number. *See* Petition for Modification of Custody, filed Dec. 1, 2015.[2] This claim lacks merit.

Father next claims he issued subpoenas to Heap and Stahl because he wanted clarification on the rules. He claims he wanted to ask Heap to provide a copy of the entry of appearance for Mother's Counsel, and claims the certified docket did not recognize Mother's Counsel as representing Mother. Father argues his "strategy was very clear, to address the irregularity of the lack of Pr[aecipe] for entry of appearance of [Mother's Counsel]," and "[i]f no official time stamped documents could be produced, to move forward with disqualification of [Mother's Counsel] and Judge Tira." Father's Br. at 10. Father claims the court's opinion regarding Heap was "grossly inaccurate." *Id.* at 11. He claims Heap and his attorney were not at the hearing and that Heap

---

[2] Further, contrary to Father's claim, the trial court, in both the Rule 1925(a) opinion and in the grant of a continuance request, included a December 2015 date for when Mother's Counsel entered her appearance, and never included a 2025 date. Trial Ct. Op. at 4 ("[Mother's Counsel] has represented [Mother] since December 8, 2015, when counsel filed a Petition to Modify Custody on behalf of [Mother]"); Trial Court Order, filed June 17, 2025 (on continuance request sheet, where Father had stated Mother did not have counsel, a hand written notation states "[Mother's Counsel] entered her appearance when she filed a Petition to Modify Custody, 12/01/2015"). Regardless, the date on the order has no bearing on our analysis.

"has no file on the docket sheet indicating a quashal for subpoena." *Id.* Father claims the court erred because it did not quash the Stahl subpoena until June 17, 2025, even though the hearing was April 23, 2025.

The trial court found that counsel for Stahl stated that the documents Father requested were not records the court administrator maintained, that the subpoena was inappropriate because it was not relevant to the custody proceeding, and that requiring Stahl to testify would "insult[] judicial economy" and "erode[] the perception of impartiality." Trial Court Order, filed June 17, 2025, at 1. The court concluded the information sought was not relevant to the custody factors and granted the motion to quash. *Id.* The court further noted that Heap appeared at the hearing and provided Father a copy of the certified docket, as requested. *Id.* at 2. The court therefore released Heap from the proceeding.

The transcript from the portion of the April 23, 2025 proceeding that addressed the subpoenas is not in the certified record. "The certified record consists of the 'original papers and exhibits filed in the lower court, the transcript of proceedings, if any, and a certified copy of the docket entries prepared by the clerk of the lower court.'" *Commonwealth v. Preston*, 904 A.2d 1, 7 (Pa.Super. 2006) (*en banc*) (quoting Pa.R.A.P.1921). "[T]he responsibility rests upon the appellant to ensure that the record certified on appeal is complete in the sense that it contains all of the materials necessary for the reviewing court to perform its duty." *Id.* Further, when the certified record does not contain a transcript, "any claims that cannot be resolved in

the absence of the necessary transcript or transcripts must be deemed waived for the purpose of appellate review." *Id.* Here, because the certified record does not contain the transcript of the portion of the hearing that addressed the subpoenas, to the extent Father's claims rely on the transcript, he has waived them.

To the extent we can proceed without the transcript, we conclude the court did not err. The information Father requested through the subpoenas was not relevant to the custody modification request. The subpoenas sought to challenge the entry of appearance of Mother's Counsel. As discussed above, Mother's Counsel properly effected an entry of appearance when she filed the 2015 petition to modify custody. No testimony or evidence from the prothonotary or court administrator would alter this conclusion.

Order affirmed. Petition for Writ of Mandamus denied.[3]

Judgment Entered.

_Benjamin D. Kohler_

Benjamin D. Kohler, Esq.
Prothonotary

Date: 2/18/2026

---

[3] Father filed a Petition for Writ of Mandamus in this Court requesting, among other things, that we order the production of all responsive records and provide a copy of Mother's Counsel's praecipe of entry of appearance. He relies on the lack of a praecipe for entry of appearance of Mother's Counsel and Stahl's "refus[al] to testify." Petition for Writ of Mandamus, filed Sept. 24, 2025, at 4. For the reasons discussed in this memorandum, we deny the petition.